**Derek VINSON, Plaintiff–Appellant,**

v.

**TEXAS BOARD OF CORRECTIONS, et al., Defendants–Appellees.**

No. 89–6256
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 18, 1990.

---

Derek Vinson, pro se.

Before GEE, DAVIS, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Appellant Vinson, a TDC inmate, set forth his alleged civil rights claims in 253 numbered paragraphs against 197 defendants, including the governor of Texas. Among many other things, he complained of the occasional denial of recreation or showers in prison; he charged that a prison warden is engaged in a conspiracy to turn prisoners into homosexuals so that when they are released from prison, they will spend money in a gay bar owned by the warden; he contended that his prison cell ventilation was dirty, and Warden Price would not send anyone to clean it; and, the commissary was selling rulers for thirty cents above normal price and typing paper for five cents more than normal price. The district court catalogued Vinson's dozens of claims in careful detail and dismissed them all, albeit without prejudice, as frivolous. 28 U.S.C. § 1915(d). The court also sanctioned Vinson $150 in costs based on the plainly frivolous, malicious and vexatious nature of his complaint. Taking note that Vinson had filed a second complaint of a similar type, the court warned Vinson that he might be barred in the future from seeking access to the federal courts of the Eastern District of Texas.

Vinson did not timely appeal. He filed instead a motion for relief from final judgment more than six months after the district court had dismissed his case. In this motion, Vinson complained that the district court dismissed his case prematurely and sanctioned him without prior warning. Vinson also suggested that Judge Parker should have recused himself because the judge was a Dallas County policeman in 1981, the judge has a "family member within the third degree of relationship" working for the Texas Department of Corrections, and the judge frequently wears a Texas Department of Corrections uniform and passes himself off as a TDC employee. From the district court's denial of this motion, Vinson appeals.

To recount the characteristics and history of this prisoner's litigation is to foreshadow what we must do with it. On appeal, he challenges the imposition of the $150 sanction and levies the same absurd charges against the district court that were in his motion for relief from judgment below. Vinson's issues, however, utterly lack merit, and we refuse to dignify them by further discussion. In the past, we have levied additional sanctions upon *pro se* prisoners who abused their right to proceed in forma pauperis. *See, e.g.,* Fed.R.Civ.P. 38; *Simmons v. Poppell,* 837 F.2d 1243, 1244 (5th Cir.1988). Similar action is warranted here. We therefore order that Vinson not be allowed to file further appeals in this court until he has paid the $150 sanction levied upon him by the district court.

This appeal, being frivolous, is *DISMISSED* pursuant to Fifth Circuit Local Rule 42.2.