**Marshall JACKSON, Jr.,**
**Plaintiff–Appellant,**

v.

**Don CARPENTER, Sheriff, Tarrant County, Texas, Defendant–Appellee.**

**No. 90–1575**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 17, 1991.

Marshall Jackson, Jr., Rosharon, Tex., pro se.

Van Thompson, Jr., Barrie Howard, Asst. Dist. Attys., Tim Curry, Crim. Dist. Atty., Fort Worth, Tex., for defendant-appellee.

Before POLITZ, DAVIS, and BARKSDALE, Circuit Judges.

POLITZ, Circuit Judge:

Marshall Jackson, Jr. appeals the district court's dismissal with prejudice of his *in forma pauperis* civil rights action, and the lower court's imposition of $30 sanctions against him to partially defray appellee's litigation costs. Finding no error, we affirm.

### Background

Jackson filed suit alleging that during his detention in the Tarrant County, Texas jail the sheriff unlawfully removed from his head a silver dollar worth $126 million, and sent it to the Texas Department of Corrections which nefariously converted it in violation of Jackson's constitutional rights. The trial judge dismissed the suit for failure to state a claim. Additionally the trial court, well familiar with Jackson and his recreational use of increasingly scarce judicial resources, granted the sheriff's motion for sanctions in the amount of $30 for expenses incurred in defending this action. Jackson timely appealed.

### Analysis

Jackson's patently meritless arguments and accompanying illustrations try even the most patient members of this court. As we said in *Vinson v. Texas Board of Corrections*, "To recount the characteristics and history of this prisoner's litigation is to foreshadow what we must do with it." 901 F.2d 474, 475 (5th Cir.1990). We will not dignify by discussion the merits of the case, which was well-characterized by the trial court as frivolous.

We will, however, comment briefly on the manifest propriety of the trial court's imposition of sanctions on Jackson, underscore that sanction, and note our readiness to impose the full panoply of sanctions should Jackson persist in using the legal system as a recreational pastime. We have heretofore established that *in forma pauperis* litigants, like all others who appear before the courts, are subject to the sanctions of Fed.R.Civ.P. 11 and Fed.R. App.P. 38. *Vinson; Clark v. Green*, 814 F.2d 221 (5th Cir.1987); *Gabel v. Lynaugh*, 835 F.2d 124, 125 (5th Cir.1988) ("We do not sit as a means by which the system can be punished—or to be punished ourselves—by the pursuit of frivolous or malicious appeals by disgruntled state prisoners.").

We are loathe to close the doors of the courtroom to anyone, especially those incarcerated. However, as one very small step in assuring that the justice system may more timely serve those whose rights genuinely have been violated, we direct that Jackson may file no further action in any court in this circuit until the sanction levied by the district court is satisfied. *Vinson*, 901 F.2d at 475. Moreover, we warn Jackson that such continued abusive conduct will trigger increasingly severe sanctions, including the ultimate denial of access to the judicial system absent specific prior court approval.

The judgment of the district court is AFFIRMED with directions to the clerks of court.