**Willie SMITH, Plaintiff–Appellant,**

v.

**R.D. McCLEOD, Steve Gillian, K. Bright, D. Bostic, W. Mixon, W. Cogdell, S. Ethridge and R. Jamison, Defendants–Appellees.**

No. 91–2217
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 4, 1991.
Rehearing Denied Nov. 26, 1991.

---

**418**

Willie Smith, pro se.

Sharon Felfe, Asst. Atty. Gen., Dan Morales, Atty. Gen., David C. Payne, Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

Before JONES, DUHÉ, and WIENER, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Before us on a fifth appeal is Willie Smith, an inmate at the Texas Department of Criminal Justice, Institutional Division, whose § 1983 lawsuit against numerous prison officials was dismissed as frivolous by the district court. 28 U.S.C. § 1915(d). In this complaint, Smith alleged that such actions by the prison officials as the occasional denial of showers, a seven-day detention in a "strip cell" because of an altercation with another prisoner, and discipline imposed for making suggestive remarks to a female nurse were unconstitutional. Smith also complains that the district court should not have sanctioned him $25.00 for filing this frivolous suit. Given Smith's litigious history, we wonder only that the district court's sanction was so small.

Time and again, we have warned prisoners that they may not abuse the court system by the filing of repetitive groundless lawsuits. We do so again. In another of Smith's appeals, decided six months ago, he was warned that "the filing of any further frivolous appeals would bring into play the entire panoply of sanctions available to the court, including the imposition of financial penalties and the limiting of his

access to the judicial system." In that case, Smith had complained, *inter alia*, of experiencing a leaky cell one night because of a heavy rain. *Smith v. Allison*, 931 F.2d 890 (5th Cir.1991) (unpublished).

Because of Smith's unwillingness to confine his litigiousness to cases of merit, we hereby impose a $100.00 sanction, payable to the Office of the Attorney General of Texas, which filed a brief in this case. F.R.A.P. 38. We also order that Smith be barred from filing any further appeals in this court until (1) the sanctions awarded by this court and the district court are fully paid; and (2) a district court certifies his appeal as having some arguable merit. *See Vinson v. Texas Board of Corrections*, 901 F.2d 474, 475 (5th Cir.1990).

Appeal DISMISSED as frivolous; sanctions imposed.