IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60090
Conference Calendar
_____

JAMES BERNARD LAWSON,

                                        Plaintiff-Appellant,

versus

MIKE MOORE, STATE OF MISSISSIPPI,
DENNIS MOLDER and CHARLES JONES,

                                        Defendants,

CHARLES JONES,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:93-CV-509
- - - - - - - - - -
June 30, 1995

Before JONES, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     James Bernard Lawson appeals the dismissal of various habeas
corpus claims and judgment for the defendant in his civil rights
action.  He seeks leave to proceed *in forma pauperis* (IFP) on
appeal.  For the reasons stated below, his motion for leave to
proceed IFP is hereby DENIED.

_____

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

Lawson first contends that the district court should have stayed his warrantless-arrest claim rather than dismiss it without prejudice. Lawson has no cause of action on his warrantless-arrest claim until he can show that his conviction has been invalidated. *Heck v. Humphrey*, 114 S. Ct. 2364, 2372 (1994). Because Lawson has no cause of action, the district court should not have stayed his claim pending exhaustion. *See id*. at 2373. The district court properly dismissed his claim without prejudice so that he could exhaust habeas corpus remedies.

Lawson contends that the district court erred by failing to give his instruction regarding punitive damages. He also contends that the district court erroneously admitted into evidence a mugshot of him.

Without a transcript, it is unclear whether Lawson objected to the challenged instruction at trial. This court need not address issues not considered by the district court. "[I]ssues raised for the first time on appeal are not reviewable by this court unless failure to consider them would result in manifest injustice." *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

The jury found in favor of Jones. Any error regarding the district court's instructions regarding damages therefore is harmless. *See Bunch v. Walter*, 673 F.2d 127, 132 (5th Cir. 1982); FED. R. CIV. P. 61. *A fortiori*, refusal to consider Lawson's jury-instruction contention would not work manifest injustice. We will not consider the contention.

Lawson explicitly indicated that he wished to proceed on appeal without the transcript. It is Lawson's responsibility to provide this court with a transcript. *See* FED. R. APP. P. 10(b). This Court therefore cannot review Lawson's evidentiary contention. *Richardson v. Henry*, 902 F.2d 414, 416 (5th Cir.), *cert. denied*, 498 U.S. 901 (1990), *and cert. denied*, 498 U.S. 1069 (1991).

Lawson is warned that he will be sanctioned if he files frivolous appeals in the future. *See Smith v. McCleod*, 946 F.2d 417, 418 (5th Cir. 1991); *Jackson v. Carpenter*, 921 F.2d 68, 69 (5th Cir. 1991).

DISMISSED.