IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30073
Summary Calendar
_____

CHRISTOPHER ERUCHALU,

Plaintiff-Appellant,

versus

EAST BATON ROUGE SHERIFFS
OFFICE, ET AL.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 93-CV-10
- - - - - - - - - -
July 21, 1995

Before DAVIS, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Christopher Eruchalu seeks to appeal in forma pauperis (IFP) the district court's entry of summary judgment in Eruchalu's suit against the Sheriff of East Baton Rouge Parish and the warden and other employees of the East Baton Rouge Parish Prison.

Eruchalu did not raise in the district court the allegedly disputed material facts cited in his brief to this court;

_____

[*]     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

therefore, this court will decline to consider these issues. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Eruchalu has failed to show that the district court erred in granting summary judgment. The defendants carried their burden of demonstrating the absence of a genuine issue as to any material fact and that they were entitled to summary judgment as a matter of law with respect to Eruchalu's allegations that prison officials exposed him to unreasonably dangerous prison conditions, refused to intervene to stop a fight and deliberately delayed treatment of his injuries, subjected him to unconstitutional conditions of confinement, and refused to prosecute his attacker. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Eruchalu's argument that summary judgment should not have issued in favor of defendant Ann Lemoine is frivolous. Ms. Lemoine had no involvement in the incident which is the basis of this lawsuit.

As Eruchalu did not appeal the order to the district court, this court lacks jurisdiction to review the magistrate judge's dismissal without prejudice of Eruchalu's first motion to amend his pleadings, which was filed before a responsive pleading was filed in this case. Colburn v. Bunge Towing, Inc., 883 F.2d 372, 379 (5th Cir. 1989); FED. R. CIV. P. 15(a). The district court did not abuse its discretion by denying Eruchalu's second motion to amend his pleadings. Ashe v. Corley, 992 F.2d 540, 542 (5th Cir. 1993).

The district court did not abuse its discretion by failing sua sponte to appoint counsel in this case.  Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982).

Eruchalu's argument that the district court violated his right to due process by failing to hold a trial is frivolous. See Martin v. Harrison County Jail, 975 F.2d 192, 193 (5th Cir. 1992).

The court declines to consider other appellate issues which Eruchalu has raised for the first time on appeal.  Varnado, 920 F.2d at 321.

The motion to appeal IFP is DENIED because the appeal does not present a nonfrivolous appellate issue.  Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986).  The motion for a certificate of probable cause is DENIED AS UNNECESSARY.  See FED. R. APP. P. 22(b).  Because the appeal is frivolous, it is DISMISSED.  Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.

Eruchalu is WARNED that future frivolous filings with this court could result in the imposition of sanctions.  See Smith v. McCleod, 946 F.2d 417, 418 (5th Cir. 1991).