IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60232
_____

JAMES BERNARD LAWSON,

                                        Plaintiff-Appellant,

versus

MICHAEL MOORE; STATE OF MISSISSIPPI;
CYNTHIA SPEETJENS; WILLIAM F. COLEMAN,
Circuit Judge; THOMAS FORTNER, Attorney;
CITY OF CLINTON, MISSISSIPPI,
Police Department,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:94-CV-713
- - - - - - - - - -
July 18, 1995

Before JOLLY, DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

James B. Lawson's motion for leave to proceed *in forma pauperis* (IFP) is hereby DENIED.

A reviewing court will disturb a district court's dismissal of a pauper's complaint as frivolous only on finding an abuse of discretion. A district court may dismiss such a complaint as

_____

[*]     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

frivolous "`where it lacks an arguable basis either in law or in fact.'"  *Denton v. Hernandez*, 504 U.S. 25, 31, 33 (1992)(quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Lawson's claims that he was prosecuted maliciously implicate the State, Attorney General Moore, Assistant District Attorney Speetjens, and perhaps Judge Coleman.  First, judges are absolutely immune from civil liability for their judicial activities unless they act in the "`clear absence of all jurisdiction.'"  *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)(citations omitted).  Judge Coleman therefore was immune from Lawson's damages action.

Second, prosecutors are absolutely immune from damages actions under 42 U.S.C. § 1983 for the performance of prosecutorial functions.  *Slavin v. Curry*, 574 F.2d 1256, 1264 (5th Cir.), *modified in part*, 583 F.2d 779 (5th Cir. 1978).  Such functions include the initiation of prosecution and presentation of evidence, *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), and the collection, examination, and interpretation of documents.  *Cook v. Houston Post*, 616 F.2d 791, 793 (5th Cir. 1980).  Moore and Speetjens therefore were immune from Lawson's damages action.

Third, the Eleventh Amendment protects states from damages actions.  *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Mississippi has not waived its sovereign immunity.  MISS. CODE ANN. § 11-46-5(4)(supp. 1994).  The State is immune from Lawson's damages action.

Lawson contends that the defendants pressed forward with his prosecution despite knowing of various constitutional violations by police officers, but he does not allege how the City of Clinton was

involved. He has waived any contentions against the City of Clinton, which could have been liable only for the police misconduct Lawson alleges. By failing to brief his possible appellate issues against the City, Lawson has abandoned those issues. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Lawson contends that the district court erred by dismissing his claims pursuant to *Heck v. Humphrey*, 114 S. Ct. 2364 (1994). The district court applied *Heck* only to Lawson's claims against Attorney Fortner. Lawson does not repeat his conspiracy contention implicating Fortner. Fortner is not a state actor and could not have violated § 1983 absent some involvement with the other defendants. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Because we may dispose of Lawson's claim against Fortner on the basis that Fortner is not a state actor, we need not reach Lawson's *Heck* contention.

Finally, Lawson is warned that he will be sanctioned if he files frivolous appeals in the future. *See Smith v. McCleod*, 946 F.2d 417, 418 (5th Cir. 1991); *Jackson v. Carpenter*, 921 F.2d 68, 69 (5th Cir. 1991).

APPEAL DISMISSED.