IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20091
Summary Calendar
_____


CLEMMIE RAY WICKWARE,

                                        Petitioner-Appellant,

versus

WAYNE SCOTT, Director,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.


---------------------

Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA-H-93-1186

----------------------
(October 4, 1995)

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Clemmie Ray Wickware has filed a motion for leave to file an out-of-time brief in support of his motion for a certificate of probable cause (CPC).  The issuance of a CPC is required to take an appeal from a final order in a habeas corpus proceeding only "where the detention complained of arises out of process issued by a State court."  See 28 U.S.C. § 2253.  The issuance of a CPC

    [*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

is not necessary to provide appellate jurisdiction because Wickware's complained of detention does not arise out of process issued by a State court.  Id.  Thus, Wickware's motions for leave to file an out-of-time brief and for a CPC are DENIED as unnecessary.

Wickware's petition must be construed as seeking relief under 28 U.S.C. § 2241 because he is contesting the manner in which his sentence is being executed by the Texas Parole Board. See Story v. Collins, 920 F.2d 1247, 1250 (5th Cir. 1991) (jurisdiction over state prisoner's good conduct claim is based on § 2241 rather than § 2254).  Wickware has not shown that he is entitled to § 2241 relief inasmuch as he has received the presentence credits to which he argues he is entitled.

This court previously affirmed the dismissal of Wickware's suit filed pursuant to 42 U.S.C. § 1983 against prison officials for an alleged conspiracy to miscalculate time served.  Wickware v. Stice, No. 94-40480 (5th Cir. Oct. 12, 1994) (unpublished; copy attached).  The court noted that "the Texas Court of Criminal Appeals responded to Wickware's post-conviction writ of habeas corpus by granting relief and ordering the prison system to grant Wickware additional time credit."  Id. at op. p. 2.

Given that Wickware has pursued his quest for presentence credits despite the relief he received from the Texas Court of Criminal Appeals and this court's recognition of the same, the instant petition is frivolous.  Wickware is hereby warned that the filing of frivolous appeals in the future will result in sanctions, monetary or otherwise.  See, e.g., Smith v. McCleod,

946 F.2d 417, 418 (5th Cir. 1991); Jackson v. Carpenter, 921 F.2d 68, 69 (5th Cir. 1991).

The judgment of the district court is AFFIRMED.