IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10505
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY LEE GREER,

Defendant-Appellant.

---------------------

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 90-CR-328-R

---------------------

September 11, 1995

Before BARKSDALE, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

A district court may dismiss an <u>in forma pauperis</u> (IFP) complaint as frivolous pursuant to 28 U.S.C. § 1915(d) if it lacks an arguable basis in law or fact. <u>Eason v. Thaler</u>, 14 F.3d 8, 9 (5th Cir. 1994).

To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that his counsel's performance was

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

deficient in that it fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 689-94 (1984). To show Strickland prejudice, a defendant must demonstrate that counsel's errors were so serious as to "render[] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 113 S. Ct. 838, 844 (1993). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." Id.

Greer argues that his counsel was ineffective for failing to subpoena his codefendant, Carlton Sims, to testify. Because Sims' statements directly contradict his prior sworn statements, and the record contains substantial evidence of Greer's involvement in the robberies, Greer failed to overcome the presumption that counsel's failure to call Sims to testify was sound trial strategy.

Greer argues that he received ineffective assistance because his trial counsel elicited hearsay evidence through examination of a witness and introduced otherwise inadmissible evidence that explosives were found during a search of his apartment, thereby allowing the jury to consider prejudicial evidence.

In light of the overwhelming evidence supporting the jury's verdict, and Greer's lack of support for his argument that counsel's introduction of alleged hearsay testimony and prejudicial evidence was deficient, he has failed to show that

but for admission of the challenged evidence, the jury's verdict would have been different.

Greer argues that he received ineffective assistance because his counsel failed to make appropriate objections to the PSR, subjecting him to a four-level increase in his base offense level.

Greer states no basis on which counsel should have objected to the PSR. Thus, Greer fails to show that counsel was deficient.

Greer argues that his trial counsel failed to cross examine witnesses adequately. Greer did not raise this issue in the district court and failed to brief the issue. Although this court liberally construes pro se briefs, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the court requires arguments to be briefed in order to be preserved. Yohey, 985 F.2d at 225. Claims not adequately argued in the body of the brief are deemed abandoned on appeal. Id. at 224-25.

Greer failed to present any nonfrivolous issues for appeal. Greer is warned that he will be sanctioned if he files frivolous appeals in the future. See Smith v. McCleod, 946 F.2d 417, 418 (5th Cir. 1991); Jackson v. Carpenter, 921 F.2d 68, 69 (5th Cir. 1991).

MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS DENIED; APPEAL DISMISSED.