IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20366
(Summary Calendar)
_____


HERMAN ROSE,

Plaintiff-Appellant,


versus


JERRY R. PETERSON, Warden; B. DAVIDSON; DAVID
MOSKOWITZ; and THREE UNKNOWN DOCTORS -- JOHN
SEALY HOSPITAL,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-93-923)
_____

(October 5, 1995)
Before GARWOOD, WIENER and PARKER, Circuit Judges.

Per curiam:[*]

Appellant Herman Rose ("Rose") appeals from the district court's order dismissing his lawsuit against various employees of the Texas Department of Criminal Justice -- Institutional Division ("TDCJ-ID"). We affirm.

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal." Pursuant to that Rule, the Court has determined that this opinion should not be published.

## THE MERITS

Rose, a Texas prisoner proceeding *pro se* and *in forma pauperis* ("IFP"), filed suit against nearly 20 employees of TDCJ-ID alleging violations of his Constitutional rights in regard to his medical conditions, including such issues as choice and timing of medical treatment, work and housing assignments, and appropriate footwear. The district court dismissed Rose's complaint as frivolous pursuant to 28 U.S.C. § 1915(d). This court reviews a § 1915(d) dismissal for abuse of discretion. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Having considered Rose's claims, the record in this case and the applicable law, we agree that Rose's claims are frivolous. We therefore hold that the district court did not abuse its discretion in dismissing Rose's claims.

## SANCTIONS

Rose is not a stranger to this court. Rose has brought four other appeals since 1989. In *Rose v. Bramhall*, No. 89-7067 slip op. at 2-3 (5th Cir. Feb. 23, 1990) (unpublished), the court affirmed the district court's dismissal of a suit for failure to state a claim. Apparently Rose sued a clerk because he was unable to retrieve copies of records. The court warned that, "Further filings by Rose of these unsupported complaints will invite sanctions." *Id*. at 3.

Rose's other appeals are as follows: *Rose v. Obaya*, No. 92-2295 (5th Cir. April 29, 1993) (unpublished) (affirmance of dismissal of civil rights suit as frivolous); *Rose v. Arnold*, No. 94-41314 (5th Cir. Augean Calendar)(unpublished)(dismissal of

appeal of unappealable order); and *Rose v. Haynes*, No. 89-7062 (5th Cir. Mar. 12, 1990)(unpublished)(grant of IFP, affirmance in part and remand in part of civil rights suit).

Because the sanctions warning in *Rose v. Bramhall* was narrowly drawn to prohibit further filings regarding the issue in the case and because Rose's appeal in *Rose v. Haynes* was--in part-- meritorious, we will not levy sanctions in this appeal.

Nevertheless, because of Rose's recent frivolous appeals, an additional general warning that the filing of frivolous appeals will result in sanctions seems appropriate. *See Smith v. McCleod*, 946 F.2d 417, 418 (5th Cir. 1991); *Jackson v. Carpenter*, 921 F.2d 68, 69 (5th Cir. 1991). The filing of any further frivolous appeals will bring into play the entire panoply of sanctions available to the court, including the imposition of financial penalties and the limiting of Rose's access to the judicial system. *Smith*, at 418.

AFFIRMED.