**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 95-20513
Summary Calendar
_____


BILLY D. JEFFERY,

                                        Plaintiff-Appellant,


VERSUS


JAMES A. COLLINS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
     INSTITUTIONAL DIVISION; JOSE F. LUNA; HASSEL R. TERRY;
        GARY L. JOHNSON; JACK N. EASTLAND; KELLY S. ENLOE;
   JOSEPH E. BLANTON; BETTINA A. COLEMAN; WESLEY W. ATKINSON;
        DAVID A PRICE; TERRENCE L. MCCLOUD; CHARLES L. KRAATZ;
TODD C. CASCEATO; MARJORIE A. HOLIDAY;  MICHAEL A. NASH; V. HOWARD,


                                        Defendants-Appellees.


_____

Appeal from the United States District Court
For the Southern District of Texas
(H-95-CV-452)
November 30, 1995
_____

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

     Appellant Jeffery, a Texas Department of Criminal Justice
inmate, sued numerous department employees under 42 U.S.C. § 1983.
After allowing amendment of the complaint and obtaining additional

---

[1] Local Rule 47.5 provides: "The publication of opinions that have
no precedential value and merely decide particular cases on the
basis of well-settled principles of law imposes needless expense on
the public and burdens on the legal profession."  Pursuant to that
Rule, the Court has determined that this opinion should not be
published.

information by interrogatories, the district court concluded that Jeffery had no reasonable chance of success; that his complaint was frivolous, and she dismissed the suit under 28 U.S.C. § 1915(d). Jeffery appealed. We affirm in part, and vacate and remand in part.

Appellant asserts in this Court the following issues:

(1) Liability of a prison guard for failure to prevent an attack by another inmate.

(2) Liability of supervisors and classification committee members.

(3) Whether a failure to protect claim raises a constitutional issue.

(4) Whether refusal to provide Appellant with a shower raises a constitutional issue.

(5) Whether placement of a hostile inmate in Appellant's cell raises a constitutional issue.

Appellant's claim against Corrections Officer Jack Eastland stems from a physical attack on Appellant by fellow inmate Johnny Singleton. Appellant alleges that Singleton told him that Appellant had to provide sexual favors to an inmate or fight and that, when Appellant refused, Singleton spoke with Officer Eastland and then returned to Appellant stating that he had Eastland's permission to "open the floor" unless Appellant complied. Jeffery continued to refuse. Shortly thereafter, another inmate struck Appellant several times and Officer Eastland did not intervene to protect Appellant until it was apparent that Appellant would not

2

defend himself.  Jeffery also alleged that Eastland refused to take any action against the inmate who struck Appellant.

To succeed on this failure to protect claim Jeffery must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection.  Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995).  To show that the corrections officer acted with deliberate indifference Jeffrey must show that Officer Eastland was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that he did in fact draw that inference.  Id.  Whether a prison official had the requisite knowledge of a substantial risk of harm is a question of fact.  Id. at 533.  If Appellant could prove his allegations he could arguably state a claim for failure to protect against Officer Eastland.  The claim was, therefore, not frivolous and its dismissal as such was premature.

Appellant's remaining claims are frivolous and were properly dismissed.

There is no vicarious liability under § 1983 so those claims made against persons in their supervisory capacity only, and who are not alleged to have had any personal involvement in the affair, are frivolous.

There can be no constitutional claim stated against members of the classification committee because inmates have neither property nor liberty interests in their custodial classification.  Neals, 59 F.3d at 533.

3

The failure to protect claim arising from the incident which occurred while Appellant was being returned from the showers does not state a constitutional violation because it did not involve a substantial risk of serious harm.  See Neals, 59 F.3d at 533.

Likewise, the allegation that Appellant was refused a shower does not raise a constitutional issue.  See Smith v. McCleod, 946 F.2d 417, 418 (5th Cir. 1991); Holloway v. Gunnell, 685 F.2d 150, 156 and n.6 (5th Cir. 1982).

Nor do the allegations relating to the incident returning from the shower and the deprivation of a shower state a claim of unconstitutional retaliation because there are no factual allegations to support the inference that the motivation of the corrections officers was retaliation.  Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995); Woods v. Edwards, 51 F.3d 577, 580-81 (5th Cir. 1995).

Finally, Appellant contends that a hostile inmate was placed in his cell in retaliation for the filing of this proceeding.  But that claim fails for lack of allegation of facts from which it can be inferred that the placement of the inmate in Appellant's cell was motivated by retaliation.  The request for injunctive relief against the officers arising out of this incident is rendered moot by the fact that Appellant has been transferred.

AFFIRMED IN PART and VACATED and REMANDED IN PART.