IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-10011
Summary Calendar
_____


LEROY HICKS,

                                        Plaintiff-Appellant,


versus

GARY UNELL; DALLAS COUNTY;
JOHN VANCE, DA,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:95-CV-2355
- - - - - - - - - -
April 1, 1996
Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Leroy Hicks appeals the district court's 28 U.S.C. § 1915(d) dismissal with prejudice of his pro se, in forma pauperis (IFP), 42 U.S.C. § 1983 action.  Hicks contends that against his court appointed attorney, Gary Unell, and John Vance, the district attorney who prosecuted Hicks' criminal case, conspired to

_____

    [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

maliciously and improperly convict him, that Unell was ineffective, and that the indictment against him was void.

The district court properly dismissed with prejudice Hicks' § 1983 claims which directly attack his underlying conviction because Hicks' conviction has not been invalidated or called into question and because district attorney Vance is absolutely immune from damages.  See Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994); Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994).  Accordingly, Hicks' appeal is dismissed as frivolous.  See 5th Cir. R. 42.2.  Hicks' motion for failure of process is DENIED as unnecessary.

We caution Hicks that the filing of frivolous appeals could result in sanctions.  E.g. Smith V. McCleod, 946 F.2d 417, 418 (5th Cir. 1991); Jackson v. Carpenter, 921 F.2d 68, 69 (5th Cir. 1991).  We advise Hicks to review any other appeals pending in this court at this time and recommend that he move to withdraw any appeal that is frivolous.

APPEAL DISMISSED.  MOTION DENIED.