United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 27, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41520
Summary Calendar

HARRY J. WHITMAN,

                                        Plaintiff-Appellant,

versus

TERRI WASHINGTON; ERNEST C. CHANDLER, Warden; JEFF LOFTIN;
Lieutenant; MIKE COOKSEY; RONALD THOMPSON; R.A. SMITH;
RICHARD ENGELE,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-302
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Harry J. Whitman, federal prisoner #23111-037, appeals from

the grant of summary judgment for the defendants in his action

brought pursuant to Bivens v. Six Unknown Named Agents of Federal

Bureau of Narcotics, 403 U.S. 388 (1971).  He contends that the

district court erred by granting summary judgment on his claims

that the defendants failed to protect him and placed him in

unsuitable conditions of confinement; that he was not barred by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

42 U.S.C. § 1997e(e) from obtaining nominal and punitive damages; that the district court erred by granting summary judgment on his claim that he was deprived of due process when he was placed in segregation; that the district court erred by dismissing his claims against defendant Richard Engele; that the district court erred by disposing of his case without allowing adequate discovery; that the district court erred by converting the defendants' motion to dismiss his complaint into a motion for summary judgment; and that the district court erred by denying his motion for appointment of counsel. Whitman also moves for appointment of counsel on appeal; his motion for appointment of counsel is DENIED.

Whitman had no claim for actual damages on his Eighth Amendment claims, as he did not allege an actual physical injury. See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001) (conditions of confinement); Jones v. Greninger, 188 F.3d 322, 326 (5th Cir. 1999)(failure to protect). Whitman's request for injunctive relief became moot when he was transferred. See Herman, 238 F.3d at 665. We address the merits of Whitman's underlying Eighth Amendment contentions, as Whitman could have received nominal damages had he prevailed on those contentions in the district court. See Williams v. Kaufman County, 352 F.3d 994, 1014-15 (5th Cir. 2003).

The evidence in the record indicated that the defendants were not deliberately indifferent to Whitman's safety during his

stay at the U.S. Penitentiary in Beaumont, Texas. See Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). Whitman's allegations do not suggest that the conditions of his confinement resulted in more than de minimis injury to Whitman. See Smith v. McCleod, 946 F.2d 417, 418 (5th Cir. 1991).

Whitman's contention regarding his confinement in segregation is unavailing. He had no liberty interest in remaining outside of segregation. See Pinchardo v. Kinker, 73 F.3d 612, 612-13 (5th Cir. 1996).

Whitman's substantive appellate contentions are unavailing. Moreover, Whitman does not indicate what claims he made against Engele in particular or how he could have countered those claims had he realized that Engele was included in the judgment in the instant case. Whitman has not shown that the district court's disposition of his claims against Engele constituted reversible error. See FED. R. CIV. P. 61 (harmless error).

Given the disposition of Whitman's underlying substantive claims, Whitman cannot demonstrate any abuse of discretion regarding his discovery requests. See Mayo v. Tri-Bell Indus., Inc., 787 F.2d 1007, 1012 (5th Cir. 1986). Whitman's argument regarding the conversion of the motion to dismiss into a motion for summary judgment lacks a factual basis. The defendants moved for summary judgment in the alternative to dismissal under Rule 12(b)(6).

Whitman raised run-of-the-mill prisoner civil rights claims in his action, and his pleadings demonstrated reasonable competency in presenting those claims. No appointment of counsel was necessary. See Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982).

AFFIRMED.