# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-10741
Summary Calendar

STEPHEN P WALLACE, an individual and Vested beneficiary of the Lorice T Wallace Trusts and Family LP and all those similarly situated on behalf of Lisa F Wallace; EDITH L JACKSON

Plaintiffs-Appellants

v.

RONALD J SAFFA, An Individual; JAMES C MILTON, An Individual; JAMES E POE, An Individual; TRUST COMPANY OF OKLAHOMA, the shareholders and directors; JOHN DOES 1-10, not yet known; JAMES DIMON, Individually; GREGG STEVENS, Individually; JONES GIVENS GOTCHER & BOGAN PC; JAMES WEGER, Individually

Defendants-Appellees

----------------------------

LISA F WALLACE; STEPHEN P WALLACE; EDITH L JACKSON

Plaintiffs-Appellants

v.

JAMES DIMON, individually and in his official capacity; WILLIAM HARRISON, individually and in his official capacity; JEFF KING, individually and in his official capacity; JOHN THIBODEAU, individually and in his official capacity; WILLIAM R JENKINS JR; JACKSON WALKER; JOHN DOES 1-10; JP MORGAN CHASE & CO, formerly known as Bank One NA; JAMES M KELLEY

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CV-229
USDC No. 4:07-CV-211

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Stephen P. Wallace seeks leave to proceed in forma pauperis (IFP) in his appeal challenging the dismissal of his lawsuits challenging the administration of the Frank A. Wallace Irrevocable Trust and the Lorice T. Wallace Trust for lack of subject matter jurisdiction and the imposition of sanctions against him. The district court concluded that Wallace's challenges to the trust administration were barred by the doctrine established in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983). The district court also ordered enjoined Wallace from filing further suits in the court relating to the administration of the trusts. In order to proceed IFP, Wallace must show that he is a pauper and that his appeal is taken in good faith, involving nonfrivolous issues. See Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982); 28 U.S.C. § 1915(a)(3).

Wallace contends that the district court lacked jurisdiction to grant the defendants' motions because the defendants are not in fact the proper administrators of the trusts and cannot act on behalf of the trusts. To the extent that Wallace is asserting that the defendants' motions to dismiss submitted in the district court were unauthorized, the defendants were named as parties to the case and as such were authorized to file defensive motions. See FED. R. CIV. P. 12. To the extent that Wallace is challenging the validity of the decisions

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from the Oklahoma state court relied upon by the district court in its dismissal, such challenges are barred by the Rooker-Feldman doctrine. See Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir. 1994).

Wallace's conclusional assertion that the Rooker-Feldman doctrine is inapplicable to his case is insufficient to overcome dismissal. See Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995). Although Wallace contends that the district court's imposition of a sanction order enables the defendants to continue their illegal activities, he has not established that the narrowly tailed order constituted an abuse of discretion against a litigant who has presented numerous challenges to the trust proceedings in numerous courts. See Jackson v. Carpenter, 921 F.3d 68, 69 (5th Cir. 1991).

Wallace contends that the district court judge was biased against him. The adverse judicial rulings cited by Wallace are insufficient to establish bias. See Liteky v. United States, 510 U.S. 540, 555 (1994).

Wallace contends that the district court erred in denying his motion for appointment of counsel. He has not established exceptional circumstances warranting such an appointment. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). For that reason, Wallace's motion for appointment of appellate counsel is DENIED.

Wallace's appeal is without arguable merit and is thus frivolous. Accordingly, Wallace's request for IFP status is DENIED, and his APPEAL IS DISMISSED. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. Wallace's motion requesting a stay of a hearing in the Tulsa County Court, which was scheduled to occur on July 18, 2007, is DENIED as moot. Wallace's request for a writ of mandamus compelling the district court to issue a preliminary injunction against the defendants, ordering the defendants to submit to an audit, and convening a special grand jury to investigate the

illegal activities of the defendants and the district court is also DENIED.  See In re Willy, 831 F.2d 545, 549 (5th Cir. 1987).

Wallace has a history of challenging matters relating to the Trusts at issue in the instant case in various federal courts unrelated to the underlying Oklahoma state court proceedings.  As a result, Wallace is WARNED that any further filing of repetitious or frivolous appeals, on his own behalf or on behalf of others, relating to the administration of and control over the Trusts may result in the imposition of sanctions against him.  These sanctions may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.