# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-11283

EDITH L. JACKSON on behalf of, Lisa F Wallace, individually, and next friend of a developmentally disabled person

Plaintiff - Appellant

v.

JOHN R. THIBODEAU, individually and in his official capacity as the Fiduciary Specialist responsible for administration of the Franklin (sic) A Wallace Revocable Trust dated December 26, 1974; JEFF KING, individually and in his official capacity; BANK ONE TRUST COMPANY N A, Trustee; JP MORGAN CHASE BANK NA; FRANK A WALLACE TRUST OF 1974, whose residence, situs and administration is located in Fort Worth TX; JOHN DOES 1-10, not yet known

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-cv-528-A

Before BENAVIDES, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This suit is a recent, though perhaps no longer the most recent, challenge to the management of trusts established in Oklahoma by the now-deceased Frank and Lorice Wallace. The district judge dismissed this suit. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

One of the beneficiaries of the trusts is Stephen Wallace. According to the Defendants, Stephen Wallace has been involved in more than fifty actions against the trusts. All have been unsuccessful. The epicenter of the litigation has been Tulsa, Oklahoma. In 2005, Judge Gregory K. Frizzell, then of the state district court in Tulsa County, enjoined Wallace from bringing suits involving these trusts in any other court:

> Stephen P. Wallace, individually or in any other purported pro se representative capacity or on behalf of any other entity or person, shall be prohibited and barred from ever filing any more lawsuits in any court except this Court based on any acts, events transactions or circumstances of any kind concerning (1) the Frank A. Wallace Revocable Trust or the Lisa Frances Wallace Supplemental Needs Trust, or (2) the actions or conduct of Bank One or Trust Company as successor trustees of these two trusts, respectively, or (3) the actions or conduct of any other trustee or related party in any capacity related to the aforesaid trusts.

This suit continues the kinds of claims that are the basis of most of the other litigation brought by Stephen Wallace. This complaint, though, was brought by "Lisa F. Wallace, a developmentally disabled person, by and through her next friend, Edith L. Jackson and Edith L. Jackson, individually, and all those similarly [situated], pro se Plaintiffs." Lisa F. Wallace is one of the beneficiaries of the contested Oklahoma trusts. There is no evidence that Edith L. Jackson has any responsibility for Lisa Wallace's affairs. Indeed, someone else has been shown in other litigation to be her legal guardian. Jackson sued Chase Bank[1] as trustee, alleging four state law tort claims arising out of Chase's operation of the trust. The district court dismissed the action for lack of subject matter jurisdiction and entered an injunction against Jackson, Stephen Wallace, or any other person suing on behalf of the trust, preventing them from bringing

---

[1] In addition to Chase, Jackson's suit names Bank One Trust Company, Jeffrey King, and John Thibodeau as defendants. Chase is the successor to Bank One, and King and Thibodeau are employees of Chase.

any further litigation without first obtaining leave from the court. Jackson subsequently retained counsel and timely appealed.

Though Stephen Wallace has been the chief disputant of the trustees' actions, this is not the first time that Edith L. Jackson has appeared as a plaintiff. In April 2007, Edith L. Jackson was added as a plaintiff in an action already filed by Stephen Wallace in the United States District Court for the Northern District of Texas, before the same judge as for the present case. Another named plaintiff was Lisa F. Wallace. That suit claimed that the trustees violated their fiduciary responsibilities. The suit was later consolidated with yet another action filed by Stephen Wallace. The dismissal of that suit was affirmed by this court. Wallace v. Saffa, 273 F. App'x. 394 (5th Cir. 2008) (unpublished). Our opinion referred specifically only to Stephen Wallace, but Edith L. Jackson was one of the pro se appellants in the case. Id. at 394-95.

In the present litigation, the court dismissed the suit and enjoined Jackson from future related litigation. The district court's order of dismissal was based on what is called the Rooker-Feldman doctrine. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

The Rooker-Feldman doctrine's applicability in this case is contested. The district court was aware of the gap between enforcing earlier orders enjoining Stephen Wallace from future suits and applying those rulings to Edith L. Jackson. The court bridged that divide by finding that Edith L. Jackson was in effect the "state-court loser" against whom the injunction should apply:

> Either Jackson is equally involved in the incessant and flagrant abuse of the judicial process, or – and the court is inclined to believe this is the case – Jackson is a straw plaintiff, and Stephen P.

Wallace is the puppet master behind the instant action. Regardless of which is the case, the court concludes, as discussed below, that the instant action, like so many of its predecessors, must be dismissed, and Jackson and other potential accomplices must receive the same sanction as Stephen P. Wallace.

The order from which this appeal was taken is dated October 26, 2007. The same district court had, on June 28, 2007, dismissed the earlier suit that both Stephen Wallace and Edith L. Jackson brought that raised related claims. As noted earlier, we affirmed that dismissal. Wallace, 273 F. App'x 394. All parties subject to the district court's judgment would be equally affected by our affirmance, since "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." United States v. Davenport, 484 F.3d 321, 326 (5th Cir. 2007).

In the case we review today, the district court explained that the "plaintiff adduces nothing that has occurred since June 28, 2007, as would give this court subject matter jurisdiction." We need not decide whether the district court used the correct label for its dismissal, basing it on Rooker-Feldman as opposed to finding that the repeated use of the judicial process by the same parties to bring the same claims is improper and sanctionable. Id. It is enough for us to hold, and we do, that the district court was correct to dismiss.

We explicitly extend to Jackson the warning that we earlier gave Wallace, that "any further filing of repetitious or frivolous appeals, on [her] own behalf or on behalf of others, relating to the administration of and control over the Trusts may result in the imposition of sanctions" against her, such as "dismissal, monetary sanctions, and restrictions on [her] ability to file pleadings in this court and any court subject to this court's jurisdiction." Wallace, 273 F. App'x at 395-96. AFFIRMED.