IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2007

Charles R. Fulbruge III
Clerk

No. 06-41733
Summary Calendar

RONALD L. HUTCHINS

Plaintiff - Appellant

v.

OFFICER JOHNNY B. MCDANIELS

Defendant - Appellee

Appeals from the United States District Court
for the Eastern District of Texas

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:

Ronald Hutchins ("Hutchins"), Texas prisoner # 1067348, appeals the district court's dismissal of his 42 U.S.C. § 1983 claim. Hutchins alleges that Johnny B. McDaniels ("McDaniels"), a prison officer, violated his Fourth Amendment rights when he conducted a strip and cavity search of Hutchins. The district court dismissed Hutchins claim as frivolous and for failure to state a claim under the Prison Litigation Reform Act, 28 U.S.C. § 1915A(b), and for not meeting the physical injury requirement of 42 U.S.C. § 1997e(e). On appeal, Hutchins argues that: (1) the district judge erred in dismissing his Fourth Amendment claim under § 1915A(b); (2) the physical injury requirement of § 1997e(e) does not apply to Fourth Amendment claims; and (3) even if § 1997e(e)

does apply, it does not limit a prisoner's ability to pursue nominal and punitive damages based on violations of the Fourth Amendment. For the following reasons, we reverse and remand the district court's dismissal.

I

While incarcerated in a Texas prison on December 20, 2005, Hutchins waited for his scheduled law library session. Officer McDaniels told several inmates that he smelled marijuana and asked that Hutchins's cell door be left open. McDaniels went upstairs and returned thirty minutes later after searching Hutchins's cell. Hutchins approached McDaniels and told him that it was understandable that McDaniels search Hutchins's cell because "illegal smells" were coming through the vents. McDaniels ordered Hutchins to step out of the dayroom and under a staircase. McDaniels ordered Hutchins to remove his clothing. McDaniels threatened to lock Hutchins away if he did not obey.

McDaniels then ordered Hutchins to lean against a wall and stick his buttocks out as far as possible and spread his legs wide. McDaniels next told Hutchins to step back, lift one leg up, hop on one foot, switch legs and go in the opposite direction for a total distance of about thirty feet. Hutchins protested that he could not do this because of a back injury and bad ankle, but McDaniels again threatened to lock him away if Hutchins did not comply with his orders. According to Hutchins, McDaniels carried out this strip and cavity search while wearing a "lewd smile." The search occurred in view of a number of prisoners and a female prison guard. During the search, McDaniels never accused Hutchins of possessing any contraband.

Based on these facts Hutchins filed a § 1983 claim alleging that McDaniels's actions violated his Fourth Amendment rights. Hutchins does not allege that he suffered any physical injuries. The Magistrate Judge ("MJ") recommended that Hutchins's claims be dismissed as frivolous and for failure to state a claim under § 1915A(b). The MJ also noted that § 1997e(e) prevents

Hutchins's recovery because he did not allege any physical injury. The district court adopted the MJ's recommendation.

II

A prisoner's civil rights complaint should be dismissed if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). We review a district court's dismissal under § 1915A de novo. Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005). Section 1997e(e) bars a prisoner from recovering any compensatory damages in any federal civil action absent a showing of physical injury. Id. at 375. We review a dismissal under § 1997e de novo. Id. at 373. To determine whether the district court's dismissal was proper we assume that all of Hutchins's allegations are true. Moore v. Carwell, 168 F.3d 234, 236 (5th Cir. 1999).

III

A

Hutchins first claims that the district judge erred in dismissing his complaint as frivolous and for failure to state a claim under 28 U.S.C. § 1915A(b). A dismissal for failure to state a claim will be affirmed only if it appears that no relief could be granted under any set of facts that might be proved consistent with the complaint's allegations. McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 160 (5th Cir. 1995). A complaint is frivolous if it lacks an arguable basis in law or fact. Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Geiger, 404 F.3d at 373 (citations omitted).

Hutchins alleges that McDaniels violated his Fourth Amendment right to be free from unreasonable searches. "A prisoner's rights are diminished by the needs and exigencies of the institution in which he is incarcerated. He thus loses

3

those rights that are necessarily sacrificed to legitimate penological needs." Moore, 168 F.3d. at 236-37 (citations omitted). However, we have recognized that the Fourth Amendment protects prisoners from searches and seizures that go beyond legitimate penological interests. See id. Searches of prisoners must be conducted in a manner that is reasonable under the facts and circumstances in which they are performed. Id. at 237. The test for a Fourth Amendment violation requires the balancing of the need for the particular search and the invasion of rights that are a result of the search. Bell v. Wolfish, 441 U.S. 520, 559 (1979); Moore, 168 F.3d at 237.

In dismissing based on § 1915A, the MJ relied entirely on an unpublished case from the Southern District of Texas, Dickens v. Rodriguez, 2006 WL 696579, at * 3 (S.D. Tex. Mar. 14, 2006). Dickens is inapposite to Hutchins's Fourth Amendment claims because, in Dickens, the district court dismissed as frivolous a claim that a strip search had violated a prisoner's Eight Amendment rights. In Moore, we reiterated that the Fourth and not the Eight Amendment governs searches of prisoners, and recognized that a strip search by a prison guard can rise to the level of a Fourth Amendment violation. Moore, 168 F.3d at 237; see also Elliot v. Lynn, 38 F.3d 188, 191 n. 3 (5th Cir. 1994). The strip and cavity search alleged by Hutchins, if proven true, could entitle him to relief under the Fourth Amendment. See Moore, 168 F.3d at 235-37 (recognizing that strip and cavity search of male prisoner, carried out in non-emergency situation by female guard, could give rise to Fourth Amendment violation). Therefore, the district court improperly dismissed Hutchins's complaint for failure to state a claim under § 1915A. The above analysis also establishes that Hutchins's complaint is not frivolous. See Geiger, 404 F.3d at 373 (describing frivolous complaints as those based on a "meritless legal theory.").

B

The MJ also relied upon § 1997e(e) in dismissing Hutchins's claim. Section 1997e(e) states, "No federal civil action may be brought by a prisoner... for mental or emotional injury... without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Hutchins contends that the physical injury requirement of § 1997e does not apply to Fourth Amendment claims for compensatory damages. We have held that, "Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." Geiger, 404 F.3d at 375 (emphasis added). Regardless of Hutchins's invocation of the Fourth Amendment, his failure to allege any physical injury precludes his recovery of any compensatory damages for emotional or mental injuries suffered. See id.

C

Hutchins alleges that even if § 1997e(e) applies to Fourth Amendment claims, it should not preclude a prisoner's recovery of nominal or punitive damages. We have not yet addressed, in a published opinion, whether § 1997e(e) bars the recovery of punitive or nominal damages in prisoners' civil rights actions.[1] However, we have recognized that non-prisoners may recover punitive and nominal damages when their Fourth Amendment rights are violated even if they are unable to show physical injury. Williams v. Kaufman County, 352 F.3d 994, 1014-15 (5th Cir. 2003). We also have noted that § 1997e(e) turns on the relief sought, Geiger, 404 F.3d at 375, and that the physical injury requirement does not bar declaratory or injunctive relief for violations of a

---

[1] See Oliver v. Scott, 276 F.3d 736, 747 n. 20 (5th Cir. 2002) (refusing to address the issue under §1997e, when the court lacked "helpful circuit precedent or thorough briefing" and the issue was unnecessary to resolve the case).

prisoner's Constitutional rights. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999).

In several unpublished opinions we have relied on Williams to hold that § 1997e(e) does not bar a prisoner's ability to recover nominal damages for a Constitutional violation. See e.g., Alex v. Stalder, 225 F. App'x. 313, 314 (5th Cir. 2007) (stating that a prisoner, although not entitled to compensatory damages under § 1997e(e), might still be able to recover nominal damages); Whitman v. Washington, 113 F. App'x 605, 606 (5th Cir. 2004) (noting that, although prisoner could not recover actual damages, he might still be able to recover nominal damages for an Eight Amendment claim); Herron v. Patrolman #1, 111 F. App'x 710, 713 (5th Cir. 2004) (noting that the physical injury requirement "does not necessarily preclude recovery of... nominal damages for constitutional injuries"). Other circuits to consider whether § 1997e(e) bars a prisoner from seeking nominal damages when a Constitutional violation occurs consistently conclude that it does not. See Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003) (violation of Fourth Amendment); Calhoun v. Detella, 319 F.3d 936, 941 (7th Cir. 2003) (violation of Eight Amendment); Oliver v. Keller, 289 F.3d 623, 630 (9th Cir. 2002) (violation of Fourteenth Amendment); Thompson v. Carter, 284 F.3d 411, 418 (2d Cir. 2002) (violation of Fifth and Eighth Amendments); Searles v. Van Bebber, 251 F.3d 869, 879 (10th Cir. 2001) (violation of First Amendment); Doe v. Delis, 257 F.3d 309, 314 n.3 (3d Cir. 2001) (violation of Fourteenth Amendment).

In Williams, we held that, in a non-prison setting, punitive damages "may stand in the absence of actual damages where there has been a constitutional violation." Williams, 352 F.3d at 1015. As with nominal damages, we have relied on Williams, in unpublished opinions, to hold that a prisoner may be entitled to punitive damages in spite of § 1997e(e). See e.g, Alex, 225 F. App'x at 314 (noting that prisoner could be entitled to punitive damages despite §

1997e(e)); Allen v. Stalder, 201 F. App'x 276, 276-77 (5th Cir. 2006) (implying that prisoner could obtain punitive damages but had not met the "evil intent" required to obtain them). The vast majority of circuits to consider the issue have reached the same conclusion as our unpublished opinions, allowing a prisoner's claim for punitive damages to proceed despite § 1997e(e). See e.g., Calhoun, 319 F.3d at 941 (stating that punitive damages are not barred because they serve a different purpose than compensatory damages, which are the focus of § 1997e(e)); Oliver, 289 F.3d at 629-30 (allowing punitive damages for a violation of a the Fourteenth Amendment); Thompson, 284 F.3d at 419 (noting that § 1997e(e) bars compensatory but not punitive damages); Searles, 251 F.3d at 880 ("[A]s a general rule, punitive damages may be recovered for Constitutional violations without a showing of compensable injury.") Allah v. Al-Highways, 226 F.3d 247, 251-52 (3d Cir. 2000) (allowing punitive damages to the extent that they extend from a Constitutional violation separate from mental or emotional injury suffered); but see, Davis v. District of Columbia, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (observing that Congressional intent would be thwarted if prisoners could avoid the limitations of § 1997e(e) by asserting that the defendant acted maliciously).

Our existing precedent is only a small step removed from the conclusion that prisoners may recover punitive or nominal damages for a Constitutional violation. See Williams, 352 F.3d at 1015 (allowing punitive and nominal damages in non-prison setting); Geiger, 404 F.3d at 375 (noting that application of § 1997e(e) turns on type of relief sought); Harper, 174 F.3d at 719 (allowing injunctive and declaratory relief in spite of § 1997e(e)). In a series of unpublished opinions we have recognized that § 1997e(e) does not bar recovery of nominal and punitive damages, and the vast majority of our sister circuits have held the same. For these reasons we recognize that § 1997e(e) does not bar Hutchins's recovery of nominal or punitive damages. Therefore, the district

court erred in dismissing Hutchins's § 1983 claim in its entirety. While Hutchins is certainly barred from recovering any compensatory damages in the absence of physical injury, we hold today that Hutchins may recover nominal or punitive damages, despite § 1997e(e), if he can successfully prove that McDaniels violated his Fourth Amendment rights.

IV

For the foregoing reasons we REVERSE and REMAND to the district court for further proceedings consistent with this opinion.