IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 2, 2008

Charles R. Fulbruge III
Clerk

No. 08-10443
Summary Calendar

DANIEL JOSEPH RICHBOURG, JR

                        Plaintiff-Appellant

v.

DANNY R HORTON, RICHARD E WATHEN; OSCAR E PAUL; MR
MCGRATH; G ISENBERG

                        Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:06-CV-184

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Daniel Joseph Richbourg, Jr., Texas prisoner # 609149, appeals the district court's judgment dismissing his 42 U.S.C. § 1983 retaliation claims for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). Richbourg argues that it was not possible for him to exhaust administrative remedies challenging both disciplinary proceedings and acts of retaliation by prison officers.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review de novo a dismissal under § 1997e of a § 1983 complaint when the dismissal is for failure to exhaust administrative remedies. Hutchins v. McDaniels, 512 F.3d 193, 195 (5th Cir. 2007). The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust administrative remedies prior to filing a § 1983 complaint challenging prison conditions. 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 88-89 (2006). Exhaustion must be proper, meaning that the prisoner must comply with state procedural requirements, including filing deadlines. Woodford, 548 U.S. at 90-91, 93-94.

The Texas Department of Criminal Justice Offender Orientation Handbook provides a two-step procedure for presenting administrative grievances. Step 1 requires the prisoner to submit an administrative grievance at the institutional level within fifteen days of the incident. See Wendell v. Asher, 162 F.3d 887, 891 (5th Cir. 1998)(overruled by implication on other grounds by Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 920-21 (2007)). Step 2 permits the prisoner to submit an appeal to the division grievance investigation with the TDCJ. Id. Generally, pursuant to prison regulations, only one grievance can be filed every seven days, and only one issue can be raised in each grievance.

Richbourg's arguments that it was not possible for him to timely exhaust administrative remedies regarding the retaliation claims are not supported by the record. Richbourg does not challenge the correctness of the district court's findings that he was aware of his retaliation claims by December 9, 13, or 16, at the latest. Richbourg provides no valid explanation for waiting for the conclusion of the disciplinary proceedings to file a retaliation grievance. Richbourg could have filed a retaliation grievance on December 13 and would still have had time to file a timely grievance concerning the disciplinary action seven days later.

Further, a review of the Texas Department of Criminal Justice Offender Orientation Handbook reflects that the regulations provide for an exception that

includes disciplinary grievances to the seven-day rule. Thus, it appears that the seven-day rule did not apply to Richbourg's grievances concerning the disciplinary proceeding. Additionally, based on Richbourg's answers to the questionnaire, alleged acts of retaliation also occurred during the disciplinary hearing and in the manner in which his grievances were handled. Thus, Richbourg could have filed grievances about those acts that occurred on a later date and failed to do so.

The record reflects that Richbourg was not precluded from filing the grievances as a result of the prison officers devising procedural requirements designed to trap Richbourg and defeat his claims. Woodford, 548 U.S. at 102. Richbourg admits that he made no attempt to file grievances with respect to the retaliation claims. The district court did not err in dismissing the retaliation claims for failure to exhaust administrative remedies. Insofar as Richbourg is seeking injunctive relief, an inmate must exhaust his remedies irrespective of the form of relief sought, injunctive or monetary. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

Richboug argues that the district court should have considered his exhausted claims and that it erred in applying Heck v. Humphrey, 512 U.S. 477 (1994) to his claims concerning the disciplinary proceeding. "[T]he mandate rule is a corollary of the law of the case doctrine, it . . . forecloses relitigation of issues expressly or impliedly decided by the appellate court." General Universal Systems, Inc. v. Hal, Inc., 500 F.3d 444, 453 (5th Cir. 2007) (internal quotations and citations omitted). This court affirmed the denial of Richbourg's claims involving the disciplinary action and the penalties imposed and remanded the case for further consideration of only the retaliation claims. Id. Therefore, under the law of the case doctrine, neither the district court nor this court could reexamine Richbourg's arguments concerning the disciplinary proceedings or the penalties imposed as a result of those proceedings. See St. Paul Mercury Ins. Co. v. Williamson, 332 F.3d 304, 309 (5th Cir. 2003).

The dismissal of the complaint for failure to exhaust is AFFIRMED. Richbourg's motions for the appointment of counsel and for discovery of documents are DENIED.