**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-40199
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HERMAN LEE BARNUM

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:92-CR-48-ALL

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Herman Lee Barnum, now federal prisoner # 04003-078, appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. Barnum was convicted of assaulting a federal officer and firearms offenses, and he was sentenced to a total of 240 months of imprisonment. He argues that Amendment 709, which clarified the manner in which misdemeanor and petty offenses are counted in determining the defendant's criminal history

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

points under U.S.S.G. § 4A1.2(c)(1), reduces his criminal history score and the guidelines range that he should have faced.

We review the district court's denial of Barnum's § 3582(c)(2) motion for an abuse of discretion. *See United States v. Shaw*, 30 F.3d 26, 28 (5th Cir. 1994). Section 3582(c)(2) applies only to retroactive guidelines amendments, as set forth in the guidelines policy statement. U.S.S.G. § 1B1.10(a); *Shaw*, 30 F.3d at 28-29. As the district court determined, Amendment 709 has not been made retroactively applicable. *See* § 1B1.10(c) (May 2008).

Barnum does not affirmatively assert that Amendment 709 applies retroactively. Inasmuch as he argues that the amendment should apply retroactively because it is a clarifying amendment, his argument fails. Except on direct appeal, a clarifying amendment is not retroactively applied unless it is listed in § 1B1.10(c). *United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996).

Barnum also relies on Amendment 706 in support of his motion. However, as the district court determined, because Barnum was convicted of assault and firearms offenses, the recent amendments to the crack cocaine Guidelines do not apply to him.

Because Barnum does not rely on any retroactive amendment in support of his challenge to his criminal history, and because the recent retroactive crack cocaine amendments have no application to his case, he was clearly ineligible for relief under § 3582(c)(2). The appeal is without arguable merit and therefore frivolous. *See Hutchins v. McDaniels*, 512 F.3d 193, 195-96 (5th Cir. 2007). Accordingly, it is  DISMISSED. *See* 5TH CIR. R. 42.2.