# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-40157
Summary Calendar

DARYL L DAVIS

Plaintiff - Appellant

v.

WAYNE N TUCKER; MICHAEL R MCDUFFIE

Defendants - Appellees

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 9:07-CV-19

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Inmate Daryl Davis appeals the district court's dismissal of his 42 U.S.C. § 1983 action, in which he alleges prison employees failed to protect him from two assaults perpetrated on him by other inmates.[1] Specifically, Davis alleges that Officer Tucker told Officer McDuffie that Davis had reported McDuffie for taking payments from inmates and that to retaliate McDuffie arranged for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994).

members of the Mandingo Warriors prison clique to assault Davis. Davis also brought suit against two other officers, Dennis Dezeeuw and Justin Gilbert, for ignoring information suggesting Davis was in danger of assault and not taking action to prevent the assaults.

The district court granted summary judgment in favor of Officers Tucker and McDuffie. We review a district court's grant of summary judgment *de novo* and examine the evidence in the light most favorable to the nonmoving party.[2] Regarding Officer Tucker, the district court granted summary judgment because, even assuming Tucker informed McDuffie that Davis snitched on him, there is no evidence in the record establishing that Tucker was aware that McDuffie would retaliate against Davis.[3] The district court did not err and we affirm the grant of summary judgment in favor of Tucker.

The district court erred, however, in granting summary judgment in favor of Officer McDuffie. If McDuffie paid inmates to assault Davis, as Davis' complaint alleges, this obviously would rise to a level of deliberate indifference beyond that protected by qualified immunity.[4] The district court, however, found no competent summary judgment evidence supporting Davis' allegation that McDuffie ordered the hit on Davis or knew of an impending hit on Davis. The district court's finding ignores interoffice communications between prison officials indicating that several informants asserted that Officer McDuffie paid the Mandingo Warriors thirty packs of Bugler tobacco to assault Davis. It also ignores the affidavit of inmate James Grant asserting that Officer McDuffie told him that Tucker had chewed him out for accepting items from inmates and that

---

[2] *Randolph v. Cervantes*, 130 F.3d 727, 729–30 (5th Cir. 1997).

[3] *Farmer*, 511 U.S. at 837 (deliberate indifference requires that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

[4] *See Adames v. Perez*, 331 F.3d 508, 514 (5th Cir. 2003).

he knew of McDuffie's conduct because Davis had "told him everything." This evidence raises a genuine issue of material fact with respect to whether McDuffie violated Davis' Eighth Amendment rights.

The district court dismissed the claims against Officers Dezeeuw and Gilbert under 28 U.S.C. § 1915A(b)(1). We review a district court's dismissal under § 1915A *de novo*.[5] Davis' claim against Dezeeuw faults him for not placing Davis in protective custody despite Dezeeuw having evidence that inmates intended to assault Davis. Dezeeuw, however, did not ignore the information, but sought to obtain corroboration before taking further action. This was a reasonable response to a potential risk.[6] The district court did not err in dismissing the claims against Dezeeuw.[7]

Davis' claim against Gilbert faults Gilbert for leaving Davis vulnerable to the second assault when Gilbert failed take proper measures after the first attack, such as filing disciplinary charges against the perpetrators or placing Davis in protective custody. Allegations of negligent or unreasonable action are not sufficient to state a claim under the Eighth Amendment.[8] There is no evidence that Gilbert was aware of facts from which he should have inferred that not filing disciplinary charges would result in a substantial risk of Davis being

---

[5] *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007).

[6] *See Johnson v. Johnson*, 385 F.3d 503, 526–27 (5th Cir. 2004).

[7] Davis' complaint also alleges that "Dezeeuw and the rest of the administration" failed to protect him because he is a black offender. The district court did not address Davis' discrimination claim, which we construe as an Equal Protection Clause claim. In order to state a claim of racial discrimination under the Equal Protection Clause and § 1983, a plaintiff must demonstrate that the governmental official was motivated by intentional discrimination on the basis of race. *Coleman v. Houston Ind. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). We note that Davis' bald assertion of discrimination is not supported by any evidence in the record.

[8] *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).

attacked again. While we do not condone Gilbert's inaction, it does not amount to deliberate indifference.

Lastly, Davis moves for appointment of counsel upon remand. An attorney should be appointed to an indigent in a § 1983 case only if "the case presents exceptional circumstances."[9] Davis argues that because some of the summary judgment evidence came from confidential informants, which we assume are other inmates, he needs counsel to access the identities and conduct discovery from those informants. Davis has not motioned the district court to appoint counsel, and the district court is in the best position to consider whether circumstances of this case warrant the appointment of counsel. We will not at this time grant Davis' motion, but he may renew the motion in the district court.

We AFFIRM the district court's dismissal of the claims against Officers Tucker, Dezeeuw, and Gilbert, but REVERSE and REMAND the dismissal of the claims against Officer McDuffie. We DENY the motion for appointment of counsel.

---

[9] *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).