**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 22, 2009

No. 09-10404
Summary Calendar

Charles R. Fulbruge III
Clerk

JOHN D. FAILS, also known as John Daniel Fails, Jr., also known as John D Fails, Jr.,

Plaintiff - Appellant

v.

DENISE DESHIELDS, Medical Director, Texas Tech University Health Science Center Individually and in Their Official Capacity; BRAD LIVINGSTON, Executive Director, Texas Department of Criminal Justice, Individually and in Their Official Capacity; RISSIE OWENS, Chairperson, Texas Board of Pardons and Paroles Individually and in Their Official Capacity; GERALD DAVIS, Assistant Warden, Individually and in Their Official Capacity,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:08-CV-88

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

John D. Fails, *pro se*, appeals the district court's dismissal of his § 1983 complaint alleging deliberate indifference to serious medical needs. For the following reasons, we AFFIRM.

## FACTS AND PROCEEDINGS

Fails, proceeding *in forma pauperis*, brought suit after he suffered several knee injuries while incarcerated at a Texas Department of Criminal Justice ("TDCJ") prison in Amarillo, Texas. The original complaint named as defendants Denise DeShields, the medical director of the Texas Tech University Health Science Center; Brad Livingston, the executive director of the TDCJ; and Rissie Owens, the chairwoman of the Texas Board of Pardons and Paroles. The amended complaint added Gerald Davis, an assistant warden at the Amarillo prison, as a defendant. Through 42 U.S.C. § 1983, Fails alleges that the defendants violated the Eighth Amendment by displaying deliberate indifference to his serious medical needs.

Fails was unsatisfied with the medical care he received after he slipped while getting out of the shower and injured his left knee. According to the account in the amended complaint and the grievances attached to the original complaint, which include the prison's response to his grievances, Fails visited the unit physician the morning after his injury. The physician told Fails, who is diabetic, that his knee was too swollen to be examined effectively and that he should return for a follow-up appointment. The doctor also provided him with crutches and ibuprofen, both of which Fails refused—the crutches because he claimed they were too short, and the medicine because he is opposed to taking most medications. Fails was seen a second time several days after scheduling a follow-up appointment. The doctor ordered x-rays of Fails's knee and, after a subsequent evaluation, a knee brace. At a later evaluation, Fails did not complain about his knee, but was prescribed arch supports for his feet.

Subsequently, Fails had several accidents in which his knee "gave out." The medical department ordered two knee x-rays, one pelvic x-ray, and an MRI. The MRI results showed that Fails had previously undergone knee surgery for a pre-existing injury, and that his knee had since demonstrated "minor degenerative changes." The treating official told Fails that his knee problem would stabilize over time and prescribed crutches. In 2007, Fails injured his right knee. An orthopedic specialist told him that surgery would not cure his knee problems. Fails exhausted his administrative remedies by filing the proper grievances, which he attached to his complaint.

In October 2007, Fails sent a settlement offer to DeShields. Fails wrote similar letters to Livingston and Owens in March 2008. The letters are the only things that connect DeShields, Livingston, and Owens to Fails's allegations.[1]

The magistrate judge's report and recommendation suggested dismissing Fails's suit without prejudice for failure to state a claim and with prejudice as frivolous. The magistrate judge reasoned that the prison officials's conduct, as detailed in his complaints and the attached grievances, did not amount to deliberate indifference and that the suit was frivolous. Over Fails's objection, the district court adopted the report and recommendation. Noting that Fails did not name any of his medical caregivers as defendants, it dismissed the suit. Fails appeals.

## STANDARD OF REVIEW

Civil rights complaints filed by prisoners should be dismissed if they are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted."

---

[1] The amended complaint contains a conclusory allegation that Gerald Davis failed to ensure that Fails's living conditions did not cause further damage to his knee. For the reasons stated below, Fails failed to plead a cognizable Eighth Amendment violation against any named defendant, including Davis. The district court correctly dismissed the suit against Davis as frivolous and for failure to state a claim; we note, however, that Fails also neglected to exhaust his administrative remedies as to any claim against Davis related to his knee injuries. 42 U.S.C. § 1997e(a).

28 U.S.C. § 1915A(b)(1). This court reviews a district court's § 1915A dismissal *de novo*. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007) (citation omitted). District courts may also dismiss, as frivolous, complaints of prisoners proceeding *in forma pauperis* when they lack an arguable basis in law or fact. 28 U.S.C. § 1915(e)(2)(B)(i); *Hutchins*, 512 F.3d at 195 (citation omitted). Such dismissals are reviewed for abuse of discretion. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (citation omitted). Because the magistrate judge referred to both § 1915A and § 1915(e) when it recommended dismissing the suit as frivolous, the court will review the issues raised on appeal *de novo*. *Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003).

To state a claim upon which relief may be granted, "the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations and citation omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). In effect, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*; *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

## DISCUSSION

A plaintiff must meet an "extremely high" standard to show deliberate indifference to a serious medical need under the Eighth Amendment. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quotations omitted). For a prison official to be liable for deliberate indifference, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that

4

a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Deliberate indifference is especially hard to show when the inmate was provided with ongoing medical treatment. "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert*, 463 F.3d at 346 (citations omitted). Complaints that more treatment should have been ordered, without more, are insufficient to show deliberate indifference: "the decision whether to provide additional treatment is a classic example of a matter for medical judgment." *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation omitted).

From the face of Fails's complaint and amended complaint, it is clear that he was seen when he requested treatment and that the doctors and physician's assistants who saw him attempted to provide several remedies for his knee problems. At no time were they deliberately indifferent to his medical needs. They provided him with knee braces, performed an MRI, and offered him painkillers, among other attempted remedies, for a pre-existing knee condition that was aggravated by a series of accidents. Fails's dissatisfaction with their efforts does not suffice to create a constitutional violation.

Fails did not allege that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino*, 239 F.3d at 756 (internal quotation omitted). Nor did he allege any act that evinces "obduracy and wantonness," *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (quotation omitted), or that rises above simple negligence, *see Lawson v. Dallas County*, 286 F.3d 257, 262-63 (5th Cir. 2002) ("Deliberate indifference cannot be inferred from a prison official's mere failure

to act reasonably, i.e., it cannot be inferred from negligence alone." (citation omitted)). Additionally, it is clear that the defendants Fails named took no part in his medical treatment; even if a constitutional violation had occurred, they could not have been liable for it under a *respondeat superior* theory. *See, e.g.*, *Bush v. Viterna*, 795 F.2d 1203, 1206 (5th Cir. 1986) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978)).

On these facts, the district court properly dismissed without prejudice Fails's complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. Its dismissal with prejudice for frivolousness was also correct. A prisoner's complaint is frivolous if it lacks an arguable basis in law or fact. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). Fails's case did not falter solely because he named the wrong parties. The facts as recounted in the complaint and its attached materials, as well as the amended complaint the court allowed Fails to file, could not support liability for an Eighth Amendment violation. The district court properly dismissed the case as frivolous.

## CONCLUSION

The district court's dismissal of Fails's complaint is AFFIRMED.