# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 7, 2010

No. 10-40075
Summary Calendar

Lyle W. Cayce
Clerk

WEBSTER ODELL ANDERSON,

Plaintiff - Appellant

v.

BRAD LIVINGSTON; CHUCK BRISCOE; TODD FOXWORTH,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:09-CV-403

Before KING, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Webster Odell Anderson, Texas prisoner # 783131, proceeding *pro se* and *in forma pauperis*, appeals the dismissal, as time barred, of his civil-rights complaint. It alleged: due to policies and personnel overseen by defendants (Texas officials responsible for prisons), he was denied proper medical treatment for a spider bite; and, as a result, his injury became serious, requiring surgery and a five-month hospital stay. On appeal, Anderson contends: the district court erred by not tolling the statutory filing period until the date he received

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

notice that his final administrative grievance had been resolved; and, because such tolling should have applied, his complaint was timely.

We review *de novo* the dismissal under 28 U.S.C. § 1915A of Anderson's complaint, and we assume that all of Anderson's allegations are true. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007). Because there is no federal statute of limitations for actions brought pursuant to § 1983, federal courts use the personal-injury limitations period of the forum state. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Texas has a two-year limitations period for personal-injury actions. *Id.*; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).

A Texas prisoner may have "a colorable claim" for tolling of the two-year limitations period during the administrative grievance process based on the Texas "tolling rule that tolls the running of the limitations period when a person is prevented from exercising a legal remedy by the pendency of legal proceedings." *Gartrell*, 981 F.2d at 257. Anderson does *not*, however, have a colorable claim for tolling based on this rule. His final grievance was denied on 28 August 2007, and he did not sign his complaint until 29 August 2009; thus, more than two years passed after his grievance was decided and before he could have handed his complaint to a prison official for mailing. His claim was time-barred even if, as he alleges, he did not receive notice of the denial until 4 September 2007. *See Phillips v. Donnelly*, 216 F.3d 508, 511 n.3 (5th Cir. 2000) (holding matter was no longer "pending" where it "was decided and settled, regardless of whether [appellant] had notice of the denial on that date").

To the extent Anderson requests equitable tolling based on his long recovery, limited education, and years of psychiatric care, Texas law applies. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). Anderson has not, however, provided a Texas equitable-tolling rule or any Texas precedent applying equitable tolling in similar circumstances. *See Wallace v. Kato*, 549 U.S. 384, 394 (2007) (forgoing discussion of state tolling principles in § 1983 case where prisoner failed to cite state precedent to show equitable tolling was

applied in similar circumstances).  Moreover, even if federal equitable-tolling principles were considered, Anderson has not shown that he was prevented from timely filing his § 1983 complaint by unusual or extraordinary circumstances that occurred during the two years after his administrative proceedings were resolved.  *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

AFFIRMED.