# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2010

No. 10-10205
Summary Calendar

Lyle W. Cayce
Clerk

JERRY DALE WIDNER, also known as Jerry Widner, also known as Beetlejuice,

Plaintiff-Appellant

v.

ALEXANDRA AGUILAR, Correction Officer III; JOHN BRADLEY, JR., Correction Officer III; TIMOTHY WASHINGTON, Sergeant; DENNIS WILSON, Lieutenant; NFN MCDUFFIE, Warden,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:10-CV-10

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Jerry Dale Widner, Texas inmate # 1348765, appeals the district court's dismissal of his constitutional-rights claims, pursuant to §1983, as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii) and 1915A, and 42 U.S.C. § 1997e(c). Widner maintains his constitutional rights were violated when: Officer Alexandra

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Aguilar ordered Widner to walk down stairs while handcuffed and wearing wet shower shoes; Officer Aguilar used excessive force and verbal threats against him; Warden McDuffie and other supervisory officials failed to take action in response to the incident or investigate his grievance complaint; and, officers confiscated his mail in violation of his right of access to the courts.

A district court is required to dismiss a complaint filed by a prisoner proceeding *in forma pauperis* if the court rules that the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii); *see also id.* § 1915A (requiring dismissal on the same grounds of complaints filed by prisoners even if not proceeding *in forma pauperis*); 42 U.S.C. § 1997e(c) (same for claims "brought with respect to prison conditions under section 1983"). Dismissals under §§ 1915(e)(2)(B)(ii), 1915A, and 1997e(c) are reviewed *de novo. Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). Under this standard, the plaintiff's well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff. For the dismissal under § 1915(e)(2)(B)(i), we review for abuse of discretion the decision that the action was frivolous or malicious. *Id.* A complaint if frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007). Because the district judge referred to all three statutes in its dismissal, we review the issues *de novo. Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

The district court did *not* err in dismissing Widner's claims as frivolous and for failing to state a claim. To assert a violation against prison officials under the Eighth Amendment, a prisoner must demonstrate defendants possessed a "sufficiently culpable state of mind" rising to the level of "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 839 (1994). A prison official acts with deliberate indifference when he knows and disregards a serious risk of harm to an inmate's health or safety. *Id.* at 837. Although Officer Aguilar's conduct could be categorized as negligent, Widner's complaint failed to allege

2

Officer Aguilar was aware of any facts from which an excessive risk of harm could be drawn, much less that the Officer made such inference. *Id.* at 839. Liability for an action pursuant to § 1983 must be based on constitutional violations, *not* mere negligence. *Daniels v. Williams*, 474 U.S. 327, 332-33 (1986). Thus, Widner's claim is frivolous and fails to state a deliberate-indifference claim against Officer Aguilar upon which relief can be granted. *Farmer*, 511 U.S. 837.

Further, Widner's excessive-force claim is frivolous because Officer Aguilar did *not* use physical force against Widner. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Widner did *not* allege that Officer Aguilar pushed him or otherwise physically forced him down the stairs, nor did he allege Officer Aguilar used excessive force while handcuffing him. Consequently, Widner failed to state a claim of excessive force.

Similarly, the district court did *not* err in dismissing Widner's allegations of verbal abuse because mere threatening language does *not* amount to a constitutional violation, giving rise to liability for an action pursuant to § 1983. *See Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993).

As to defendants Warden McDuffie and other supervisory officials, Widner maintains they acted with deliberate indifference by taking *no* action after learning about the incident. A supervisory official is *not* liable for the actions of subordinates on a theory of vicarious liability. *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005). Widner must demonstrate supervisory officials were personally involved in the constitutional violation or show a causal link between their actions and the alleged deprivation. *Id.* Because Officer Aguilar's conduct did *not* violate Widner's constitutional rights, Widner failed to allege any unconstitutional conduct by the supervisory personnel with respect to his fall down the stairs.

Insofar as Widner contends the supervisory officers failed to investigate his complaint, his grievance complaints reflect his allegations were investigated

but *no* evidence was found to substantiate his allegations. Accordingly, the district court did *not* err in dismissing his claims as frivolous. Further, Widner had *no* constitutionally protected interest in the investigation and processing of his grievances. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005).

Finally, Widner maintains supervisory officials confiscated his mail in violation of his First Amendment right of access to the court. *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993). Widner has *not* alleged any facts showing he was unable to have his mail sent to the district court or that his legal position was damaged by any interference with his outgoing mail. *See Lewis v. Casey,* 518 U.S. 343, 351-52 (1996); *Brewer*, 3 F.3d at 825-26 (5th Cir. 1993).

Because Widner's constitutional claims were frivolous, the district court did *not* err in dismissing his claims *with prejudice*, *see Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc); the district court erred, however, in dismissing his complaint for failure to state a claim *without prejudice.* Accepting Widner's allegations as true and viewing them in the light most favorable to his case, he fails to state an actionable claim for relief. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Widner had a fair opportunity to present his best case and did *not* allege facts that would, if proved true, warrant the relief he seeks. Accordingly, his dismissal for failure to state a claim is modified to a dismissal *with prejudice. See Marts*, 117 F.3d at 1505-06.

The district court's dismissal of Widner's complaint as frivolous constitutes a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Widner is warned that if he accumulates three strikes, he will *not* be permitted to proceed *in forma pauperis* in any civil action or appeal while he is incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

The judgement of the district court is affirmed.

AFFIRMED AS MODIFIED; SANCTION WARNING ISSUED.