**Michael John WARREN, Plaintiff–Appellant**

v.

**Rissie OWENS, Individually and in Her Official Capacity as Chairwoman, Texas Board of Pardons and Paroles; Thomas Fordyce, Individually and in His Official Capacity as Member, Texas Board of Pardons and Paroles; Gerald Garrett, Individually and in His Official Capacity as Member, Texas Board of Pardons and Paroles, Defendants–Appellees.**

**No. 10–20315**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Dec. 14, 2010.

Michael John Warren, Huntsville, TX, pro se.

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Michael John Warren, Texas prisoner # 455668, appeals the district court's dismissal pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) as frivolous and for failure to state a claim of his 42 U.S.C. § 1983 complaint. We review such dismissals de novo, using the same standard applicable to dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir.2005); *Black v. Warren,* 134 F.3d 732, 733–34 (5th Cir.1998).

Warren argues that members of the Texas Board of Pardons and Parole violated his rights under the Ex Post Facto Clause by applying retroactively to his case current laws and statutes related to the length of time between parole hearings. The argument is unavailing because the potential five-year set-off presents no ex post facto violation; its effect on increasing Warren's punishment is merely conjectural. *See California Dep't of Corrs. v. Morales,* 514 U.S. 499, 509, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995).

Warren also argues that the district court erred in dismissing his complaint before serving the defendants. Section 1915(e)(2)(B)(i), (ii) and § 1915A instruct the district court to dismiss an in forma pauperis complaint if the court determines that the action is frivolous or malicious or does not state a claim for which relief may be granted. *Black,* 134 F.3d at 733.

Because Warren's claim had no arguable constitutional merit, the district court did

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not err in dismissing the complaint with prejudice as frivolous and for failure to state a claim. *See Hutchins v. McDaniels,* 512 F.3d 193, 195 (5th Cir.2007); *Black,* 134 F.3d at 733. The judgment of the district court is affirmed.

The district court's dismissal of Warren's complaint as frivolous counts as a strike pursuant to 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387–88 (5th Cir.1996). Warren is warned that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.