# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 15, 2012

Lyle W. Cayce
Clerk

No. 11-10911
Summary Calendar

UNITED STATES OF AMERICA, EX REL, MAXON HARVEY MORGAN,

Plaintiff-Appellant

v.

FUERZAS ARMADAS COLOMBIANAS, also known as FARC, A Terrorist
Organization and Associates; AL-QAIDA AND ASSOCIATES; CETAS CARTEL
& ASSOCIATES; CARTEL DEL GOLFO & ASSOCIATES; CARTEL DE
SINALOA & ASSOCIATES; ET AL,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CV-573

Before JONES, Chief Judge, and SOUTHWICK and HAYNES, Circuit Judges.

PER CURIAM:[*]

Maxon Harvey Morgan, federal prisoner # 23980-034, filed a class action civil suit in federal district court pursuant to the civil provisions of the Antiterrorism Act of 1991, 18 U.S.C. § 2333. Morgan alleged that the defendants engaged in narco-terrorism against the United States and its citizens. Morgan sought a total of three trillion dollars on behalf of all victims of the "financial

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

economy meltdown" and all incarcerated individuals and their immediate families from the defendants in compensation for their losses as the result of the narco-terrorism. The district court reviewed the complaint under 28 U.S.C. § 1915A(b)(1) because Morgan was seeking redress from government officials and dismissed the complaint with prejudice.

Morgan argues that the district court erred in screening his complaint under § 1915A(b)(1) because he was not seeking redress from the government or any of its officials. Morgan is correct that his claim did not seek redress from the government and should not have been reviewed under § 1915A(b)(1); however, we may affirm the district court's decision on any basis supported by the record. *See United States v. Ho*, 311 F.3d 589, 602 n.12 (5th Cir. 2002).

The district court found that Morgan's complaint was frivolous, malicious, or failed to state a claim on which relief could be granted. A prisoner's civil action may be dismissed at any time if it is frivolous or fails to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Our review of the district court's dismissal order is de novo. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007); *see Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). An action may be dismissed for failure to state a claim if no relief could be granted as a matter of law even if the plaintiff's alleged facts are accepted as true. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Morgan has failed to present any factual matter, which accepted as true, would support his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Harris v. Hegmann*, 198 F.3d 153, 156 (5th 1999). The district court's dismissal of the action under § 2333 was not error under § 1915(e)(2)(B).

The district court's judgment is AFFIRMED. The dismissal of Morgan's civil complaint for failure to state a claim counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387-88 (5th Cir. 1996). Morgan is CAUTIONED that if he accumulates three strikes under § 1915(g),

he will not be allowed to proceed IFP in any civil action or appeal unless he is under imminent danger of serious physical injury.  *See* § 1915(g)