# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 7, 2013

Lyle W. Cayce
Clerk

No. 12-40880
Summary Calendar

RUBEN SOLIS ANDERSON,

Plaintiff-Appellant

v.

FNU KAYDO, Assistant Warden at Telford; FNU GOODEN, Captain at Telford Unit; JASEN SMITH, Lieutenant at Telford Unit; JAMES BURGESS, Lieutenant at Telford Unit; RICKY LEAKES, Lieutenant at Telford Unit; FNU LAFAYETTE, Lieutenant at Telford Unit Segregation Department; CORRECTIONAL OFFICER FNU JORDAN, Lieutenant in Segregation Department at Telford; FNU HOWARD, Lieutenant at Telford Unit Segregation Department; FNU MOORE, (Mrs) Sergeant at Telford; FNU FORTHEE, Sergeant in Segregation Department at Telford; FNU CLARK, Sergeant in Telford Segregation Department; L. JOHNSON, (Mrs) Sergeant at Telford Segreation Department; B. SIKES, Sergeant at Telford Unit Segregation Department; ERMA LEE, Correctional Offcier V at Telford Unit; FNU WILLIAMS, Correctional Officer IV in Segregation Department at Telford; FNU WATCH, Correctional Officer IV in Segregation Department at Telford Unit; CORRECTIONAL OFFICER FNU JORDAN, Grievance Coordinator at Telford; FNU MAYS, Internal Affairs Investigator at Telford,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:11-CV-138

No. 12-40880

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ruben Solis Anderson, Texas prisoner # 596151, appeals the summary judgment dismissal of his 42 U.S.C. § 1983 complaint in which he argued that prison officials failed to investigate his complaints, failed to protect him, retaliated against him, and denied him access to courts. Specifically, Anderson alleges that the defendants spread rumors that he was a snitch, a child molester, and HIV positive in an effort to get him raped and murdered by other prisoners; the defendants and other prisoners threatened to rape and murder him; the defendants and other prisoners spied on him through pipes in his wall and tried to enter his cell through his toilet; the defendants retaliated against him after he filed grievances against them; and the defendants interfered with his incoming and outgoing mail.

This court reviews a district court's ruling on summary judgment de novo, employing the same standard used by the district court. *McFaul v. Valenzuela,* 684 F.3d 564, 571 (5th Cir. 2012). A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute exists if a reasonable jury could return a verdict in favor of the nonmovant. *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007).

Initially, Anderson has failed to address the district court's findings regarding his failure to investigate claims and the district court's dismissal of unserved defendants. Therefore, these issues are deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Further, because Anderson alleged no physical injury and came forward with no evidence of physical injury, his failure to protect claim under the Eighth Amendment fails. *See Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999); 42 U.S.C. § 1997e(e). Anderson did not allege that he suffered any physical injury as a result of defendants' actions or other prisoners' actions; thus, he is not entitled to any compensatory damages arising out of those incidents. *See Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005); *see also Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir. 1995) (verbal threats do not rise to the level of a constitutional violation). Anderson is not entitled to obtain punitive damages or injunctive relief because he has failed to show that it is likely that he can successfully prove a constitutional violation based on the defendants' failure to protect him. *See Hutchins v. McDaniels,* 512 F.3d 193, 198 (5th Cir. 2007); *see also Geiger*, 404 F.3d at 375.

Although Anderson contends that he suffered retaliation after filing grievances against the defendants, his contentions are wholly conclusory, and he has not alleged a chronology of events from which retaliation may be plausibly inferred. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Anderson's claim that defendants denied him access to courts by interfering with his outgoing mail is without merit because he has not shown that his position as a litigant was prejudiced. *See Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993). His claim regarding interference with his incoming mail was not raised in Anderson's opening brief; thus, we do not address the claim here. *See United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010). Anderson's claim that the defendants retaliated against him by infecting him with a virus was not raised in the district court, and therefore we will not address it here. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000). For the same reason, we do not address his contention regarding class certification.

No. 12-40880

In light of the foregoing, Anderson has not shown that the district court erred in granting the defendants' motion for summary judgment. *See McFaul,* 684 F.3d at 571. The judgment of the district court is AFFIRMED. Anderson's motion for the appointment of counsel is DENIED.