# United States Court of Appeals for the Fifth Circuit

No. 22-30723
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2023

Lyle W. Cayce

ANTHONY JOHNSON, *also known as* ANTHONY PAUL JOHNSON,

*Plaintiff—Appellant*,

*versus*

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS;
LUKE RHEAMS, *Colonel*;
JAMES ARNOLD, *Louisiana State Penitentiary Assistant Warden*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:21-CV-595

_____

Before SMITH, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Anthony Johnson, Louisiana prisoner #600482, appeals the dismissal for failure to state a claim, per Federal Rule of Civil Procedure 12(b)(6), of his 42 U.S.C. § 1983 lawsuit. We review the dismissal *de novo*, accepting the

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

facts alleged in the complaint as true and viewing them in the light most favorable to the plaintiff. *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020). Dismissal is appropriate only where a complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Johnson renews his claim that his Fourth Amendment rights were violated when Assistant Warden Arnold and Colonel Rheams subjected him to a strip and cavity search without any penological justification solely to embarrass him in front of a female guard. Although Johnson also asserts that the strip search violated his Eighth Amendment rights, the district court correctly concluded that an inmate's bodily-privacy claim is analyzed under the Fourth Amendment, not the Eighth. *See Moore v. Carwell*, 168 F.3d 234, 237 (5th Cir. 1999). Johnson does not brief any argument renewing his claims against the Louisiana Department of Public Safety and Corrections and has thus forfeited them. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

"A prisoner retains, at best, a very minimal Fourth Amendment interest in privacy after incarceration." *McCreary v. Richardson*, 738 F.3d 651, 656 (5th Cir. 2013) (internal quotation marks and citation omitted). "A prisoner's rights are diminished by the needs and exigencies of the institution in which he is incarcerated. He thus loses those rights that are necessarily sacrificed to legitimate penological needs." *Moore*, 168 F.3d at 236–37 (internal quotation marks and citation omitted). In analyzing the reasonableness of a search, the district court is required to balance the need for the search against the invasion of personal rights that the search entails by considering "the scope of the intrusion, the manner in which the search was conducted, the justification for the search, and the place in which the search was conducted." *Watt v. City of Richardson Police Dep't*, 849 F.2d 195, 196–97 (5th

Cir. 1988) (internal quotation marks and citation omitted).

Johnson's allegations of a strip search conducted without any justification in view of a female guard with the intent to embarrass him states a facially valid Fourth Amendment claim. *See Hutchins v. McDaniel*, 512 F.3d 193, 195–96 (5th Cir. 2007). In dismissing the complaint, the district court did not address the reasonableness of the search, did not conduct a balancing test, and did not address or accept as true Johnson's assertion that the search was done without any justification and solely to embarrass him; instead, the court concluded, incorrectly, that, because Johnson did not allege that the female guard conducted the strip search, he did not allege a Fourth Amendment claim. *See Heinze*, 971 F.3d at 479; *Hutchins*, 512 F.3d at 195–96; *Watt*, 849 F.2d at 196–97.

On the face of his pleadings, Johnson appears to have articulated a viable argument that the strip search was unreasonable. Further factual inquiry through a *Spears* hearing should help the district court evaluate the reasonableness of the search. *See Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985).

Accordingly, the dismissals of Johnson's claims against the Department of Public Safety and Corrections and of his Eighth Amendment claim are AFFIRMED. The dismissal of his Fourth Amendment challenge to the strip search is VACATED and REMANDED for further proceedings.

We express no view on the ultimate merits of any claim, and we make no indication of how the district court should rule on remand. We place no limitation on what issues the court should address or on how it should elect to proceed.