United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30842
Conference Calendar
_____

JOSEPH W. HADWIN,

Plaintiff-Appellant,

versus

RICHARD STALDER; LINDA RAMSAY; VENETIA MICHAEL;
BECKY MOSS; RAY HANSON,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CV-1735
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Joseph W. Hadwin, former Louisiana prisoner # 126755,

appeals from the district court's dismissal of his 42 U.S.C.

§ 1983 complaint with prejudice as frivolous.  See 28 U.S.C.

§ 1915(e)(2)(B)(i).  Hadwin challenged David Wade Correctional

Center's (DWCC's) Posted Policy # 43, which requires an inmate

who is sentenced to isolation to relinquish his mattress and

bedding from 5:00 a.m. until 9:00 p.m.  Hadwin alleged that this

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

policy violated his due process rights and his Eighth Amendment rights against cruel and unusual punishment.

Policy # 43 did not impose an objectively sufficient deprivation or the "denial of the minimal civilized measures of life's necessities." Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999)(internal quotation marks and citation omitted). Thus, the prison's implementation of Policy # 43 did not constitute cruel and unusual punishment under the Eighth Amendment. See Novak v. Beto, 453 F.2d 661, 665-66 (5th Cir. 1971). The district court did not abuse its discretion in denying relief on Hadwin's Eighth Amendment claim. See Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). As Policy # 43 does not clearly impinge on the duration of Hadwin's confinement or constitute atypical punishment, the district court did not abuse its discretion in dismissing the due process claim as frivolous. See Sandin v. Conner, 515 U.S. 472, 483-84 (1995); Orellana v. Kyle, 65 F.3d 29, 31-32 & n.2 (5th Cir. 1995).

AFFIRMED.