United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 27, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30982
Summary Calendar

RICKY JOSEPH ALEX,

Plaintiff-Appellant,

versus

RICHARD L. STALDER; VENETIA MICHAEL; JERRY GOODWIN; RAY HANSON;
JAMIE FUSSELL; SERGEANT RIOS; TONY TOBIN; RICKY ANDREWS; CURT
WAINWRIGHT,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CV-30
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Ricky Joseph Alex, Louisiana prisoner # 98130, appeals from
the dismissal of his 42 U.S.C. § 1983 action as frivolous.  He
contends that the conditions of his confinement violated the
Eighth Amendment; that the conditions of his confinement violated
the Due Process Clause; and that the dismissal of his action
before discovery and service of the defendants violated the Due
Process Clause.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Alex's appellate allegations regarding the taking of his mattress from his cell during the daytime do not give rise to any Eighth Amendment violation. See Novak v. Beto, 453 F.2d 661, 665-66 (5th Cir. 1971). Alex does not allege on appeal that he was deprived of his mattress during sleeping hours; he thus has abandoned any such claim. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Moreover, the serving of food loaf, without more, does not give rise to an Eighth Amendment violation. See Green v. Ferrell, 801 F.2d 765, 770 (5th Cir. 1986).

Alex's allegations regarding the cold temperatures in his cell, however, do give rise to a nonfrivolous Eighth Amendment contention. He alleges that he was held in very cold conditions, for an extended period in November and December, wearing nothing but a paper gown during the daytime, and that he was ordered to remain on the cold concrete whenever he attempted to sleep on the warmer, metal bunk. Alex has a right to protection from extreme cold. See Palmer v. Johnson, 193 F.3d 346, 353 (5th Cir. 1999); Beck v. Lynaugh, 842 F.2d 759, 760 (5th Cir. 1988). Alex may not recover compensatory damages absent a showing of a physical injury, 42 U.S.C. § 1997e(e); Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999). However, he may be entitled to injunctive relief, see Harper, 174 F.3d at 719, and nominal or punitive damages. See Williams v. Kaufman County, 352 F.3d 994, 1014-15 (5th Cir. 2003). The dismissal of Alex's claim regarding the

cold temperatures in his cell was erroneous.  See Harper, 174 F.3d at 718 & n.3.

Finally, the district court did not err by dismissing Alex's action before discovery or service of the defendants.  See Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990).

AFFIRMED IN PART; VACATED AND REMANDED IN PART.