# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30521

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2019

Lyle W. Cayce
Clerk

MICHAEL YOUNG,

Plaintiff-Appellant

v.

SANDY MCCAIN, WARDEN, RAYMOND LABORDE CORRECTIONAL
CENTER, in official & individual capacity; MATTHEW GAMBLE, Treating
Psychiatrist, in official & individual capacity; TIM CRAWFORD, Major, in
official & individual capacity; AMY STOGNER,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-3404

Before SMITH, DUNCAN, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Michael Young, Louisiana prisoner # 456140, appeals the district court's
dismissal under Federal Rule of Civil Procedure 12(b)(6) of his 42 U.S.C. § 1983
civil rights action against various prison officials. For the reasons discussed
below, we AFFIRM the judgment of the district court, and DENY Young's
motions for appointment of counsel and oral argument.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-30521

I.

In 2016, Young—who was housed at the Rayburn Correctional Center (RCC) in Angie, Louisiana—filed a pro se and in forma pauperis (IFP) § 1983 suit against four RCC staff members, namely Warden Sandy McCain; treating psychiatrist Dr. Matthew Gamble; correctional officer Major Tim Crawford; and social worker Amy Stogner. In his second amended and superseding complaint, Young alleged that Stogner and Dr. Gamble, who were both aware of his history of mental problems, subjected him to unconstitutionally cruel and unusual punishment by acting with deliberate indifference to his serious medical needs during September 2015, when Young was suicidal due to his mother's terminal illness. Specifically, Young alleged that, although he advised Stogner that he was suicidal, Stogner acted with "gross[] incompeten[ce]" by repeatedly downgrading him from extreme to standard suicide watch, which allowed him to harm himself by banging his head on a steel bed frame and the wall and by jumping from the toilet to the bed, thereby exacerbating a previous shoulder injury. Young further alleged that Dr. Gamble "grossly departed from [the] professional standard [of] treatment" by meeting with Young only briefly via videoconferencing before concluding that Young did not need treatment and was competent to participate in a September 17, 2015 disciplinary hearing arising from his attempts at self-harm.

Young further asserted that Major Crawford and Warden McCain denied him due process because Major Crawford allowed the allegedly unconstitutional disciplinary hearing to proceed despite Young's incompetence and because Warden McCain failed to overturn the results of those disciplinary proceedings. Young complained that Major Crawford and Warden McCain also subjected him to cruel and unusual punishment because his disciplinary sentence of 60 days in isolation, during which he was given only light clothing

and was not provided with a mattress and bedding during daytime hours, subjected him to conditions that aggravated his shoulder injury and intestinal problems. Young requested declaratory and injunctive relief, as well as compensatory and punitive damages from each defendant.

The defendants moved to dismiss Young's action for failure to state a claim upon which relief could be granted. The defendants also argued that they were entitled to qualified immunity because Young failed to allege sufficient facts supporting violation of a clearly established constitutional right or objectively unreasonable conduct in light of clearly established law. The defendants further asserted that Young's § 1983 challenge to his disciplinary conviction, which resulted in the loss of good-time credits, was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because, if successful, it would necessarily imply the invalidity of a still-valid conviction. In response, Young argued that he had pled sufficient facts to state his claims, that the defendants were not entitled to qualified immunity, and that his claims were not *Heck*-barred because he was not challenging his loss of good-time credits and his success in this action would not affect his confinement.

The magistrate judge ordered defense counsel to furnish the court and Young with a copy of Young's medical records, which total 1,478 pages in length. Once the records were filed and Young acknowledged receipt of them, the magistrate judge issued a report recommending that the defendants' Rule 12(b)(6) motion be granted. The magistrate judge determined that the medical records "f[e]ll far short of establishing the objective and subjective components needed to prevail on [claims] of deliberate indifference" against Stogner and Dr. Gamble. The magistrate judge concluded that the selection of an appropriate suicide precaution level is a matter of professional judgment, adding that neither Stogner's alleged violation of a prison policy in

downgrading Young's suicide precaution level nor Young's disagreement with Dr. Gamble's method of conducting brief evaluations by videoconference stated a claim of deliberate indifference. The magistrate judge further determined that the deprivation of an inmate's mattress during daylight hours in disciplinary segregation does not rise to the level of a constitutional violation. Finally, the magistrate judge concluded that Young's due process claims relating to the conduct of his disciplinary proceedings were *Heck*-barred because a favorable ruling on those claims would necessarily imply the invalidity of his disciplinary conviction.

Young filed objections to the magistrate judge's report, asserting, in pertinent part, that Stogner had acted maliciously in downgrading his suicide watch level and that such downgrades always happened during the work shift of a prison official, Lieutenant Rigdon, who (according to Young) falsely reported that Young had admitted to malingering to avoid a disciplinary hearing. Young also complained that the magistrate judge erred by resolving factual disputes and considering materials outside the complaint, such as his medical records.

The district court overruled Young's objections and adopted the magistrate judge's findings and recommendation. Granting the defendants' Rule 12(b)(6) motion to dismiss, the district court dismissed Young's suit with prejudice. Young timely appealed. The district court granted Young leave to proceed IFP on appeal.

## II.

Young essentially raises four arguments on appeal. He contends that the district court erred in: (1) considering qualified immunity at the pre-answer stage of litigation; (2) determining that Young failed to state a claim for relief regarding his deliberate indifference claims against Stogner and Dr. Gamble;

No. 17-30521

(3) determining that Young failed to state a claim for relief regarding his cruel and unusual punishment claims against Major Crawford and Warden McCain; and (4) concluding that his entire suit is barred by *Heck*. Young has also filed motions for the appointment of counsel and oral argument.

This court reviews de novo the district court's grant of a Rule 12(b)(6) motion to dismiss. *McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "In reviewing the complaint, [this court] draw[s] all inferences in favor of the nonmoving party, and view[s] all facts and inferences in the light most favorable to the nonmoving party." *McLin*, 866 F.3d at 688 (internal quotation marks and citation omitted).

## A.

First, there is no merit to Young's assertion that the district court erred by "prematurely" granting the defendants qualified immunity at the pre-answer stage. The district court's qualified immunity analysis focused upon only the first requirement for that defense—whether the plaintiff alleged a constitutional violation. *See, e.g., Johnson v. Johnson*, 385 F.3d 503, 524 (5th Cir. 2004). As this court has acknowledged, if the plaintiff "has indeed failed to allege a [constitutional] violation, then of course there can be no violation of clearly established law that would overcome qualified immunity." *Id.* at 530. Because the district court's determination that Young failed to allege a constitutional violation is consistent with its Rule 12(b)(6) dismissal for failure to state a claim, Young has failed to show any error in this regard.

No. 17-30521

B.

Second, Young contends that the district court erred in dismissing his claims that Stogner and Dr. Gamble acted with deliberate indifference to his serious medical needs. In addition to renewing his factual allegations below against those defendants, Young asserts that the district court should have allowed him to conduct discovery, but instead improperly resolved factual disputes and failed to accept his allegations as true. Young complains that the district court went beyond considering whether his complaint stated a claim for relief under Rule 12(b)(6) and instead applied a standard more appropriate for summary judgment review.

"Where matters outside the pleadings are considered by the district court on a motion to dismiss, Rule 12[d] requires the court to treat the motion as one for summary judgment and to dispose of it as required by [Federal] Rule [of Civil Procedure] 56." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1283-84 (5th Cir. 1990). In the instant case, the district court did in fact rely, at least in part, on Young's prison medical records in determining that his claims against Stogner and Dr. Gamble failed to establish deliberate indifference. Thus, with respect to these claims, the district court effectively converted the defendants' Rule 12(b)(6) motion into a summary judgment motion, thereby triggering the requisite procedural safeguards of notice and a reasonable time to respond. *See* FED. R. CIV. P. 12(d); *Washington*, 901 F.2d at 1284.

It appears that Young received the requisite notice of the de facto conversion, at the latest, when the magistrate judge issued its report relying on the medical records. Furthermore, Young was provided a reasonable opportunity to respond by filing objections to the magistrate judge's report. *See Washington*, 901 F.2d at 1284. Additionally, while Young complains of an insufficient opportunity for discovery, he failed to properly request a

continuance explaining his inability to respond to the summary judgment motion, and his motion to compel discovery failed to show how additional discovery would have enabled him to rebut the movant's summary judgment showing. *See* FED. R. CIV. P. 56(d); *Washington*, 901 F.2d at 1285-86 (applying abuse of discretion standard to the denial of a Rule 56(d) continuance request). Consequently, we find no reversible error in the district court's consideration of Young's medical records in its ruling.

Young has likewise failed to establish that the district court erred in dismissing his claims that prison medical personnel acted with deliberate indifference in responding to his suicidal mental health condition. The Eighth Amendment's prohibition against cruel and unusual punishment bars the "unnecessary and wanton infliction of pain" on a prisoner, and a § 1983 cause of action asserting an Eighth Amendment violation for a lack of proper inmate medical care requires "deliberate indifference" to the prisoner's "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 101-05 (1976) (internal quotation marks and citations omitted). The "extremely high standard" of deliberate indifference requires that prison officials "refused to treat [the prisoner], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks and citations omitted). Allegations of unsuccessful medical treatment, negligence, neglect, medical malpractice, or a mistaken judgment do not amount to deliberate indifference to serious medical needs. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). "[T]he decision whether to provide additional treatment is a classic example of a matter for medical judgment." *Domino*, 239 F.3d at 756 (internal quotation marks and citation omitted).

Young acknowledged in his complaint that his mental health condition was evaluated by Stogner and Dr. Gamble multiple times during his allegedly suicidal period in and around September 2015. Young's allegations "address [more] the nature of his treatment and not the lack thereof." *Varnado*, 920 F.2d at 321. Specifically, Young asserted that Stogner acted with gross incompetence and in violation of prison rules by placing him on standard, rather than extreme, suicide watch and that Dr. Gamble failed to exercise adequate professional judgment in determining via teleconference that Young's problems related to his character and that he did not need mental health treatment. At most, Young's complaint alleged that Stogner and Gamble acted with gross negligence in treating his mental health problems, which is insufficient to establish deliberate indifference. *See Doe v. United States*, 831 F.3d 309, 320 (5th Cir. 2016). As this court has explained, "[s]uicide is inherently difficult . . . to predict, particularly in the depressing prison setting," and an incorrect diagnosis regarding the genuineness of a suicide threat does not amount to deliberate indifference. *Domino*, 239 F.3d at 754-56 (quote at 756).

With respect to Young's expanded assertions that Stogner acted with ill will and an injurious intent in concert with Lieutenant Rigdon, such allegations are conclusory and insufficient to state a claim. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (rejecting allegations of a collusive relationship as conclusory and insufficient to raise a constitutional issue). Additionally, as the district court found, Stogner's alleged violation of prison rules in adjusting Young's suicide threat level was not in itself a constitutional violation. *See Samford v. Dretke*, 562 F.3d 674, 681 (5th Cir. 2009). Finally, with respect to his complaint regarding Dr. Gamble's video-enabled evaluation, Young is merely expressing a disagreement with a diagnostic measure, which

No. 17-30521

"does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). In sum, the district court did not err in dismissing Young's deliberate indifference claims against Stogner and Dr. Gamble.

C.

Third, Young sets forth a scant argument appearing to renew his assertion that Major Crawford and Warden McCain subjected him to cruel and unusual punishment by placing him in injurious disciplinary confinement conditions. Specifically, Young complains that he was sentenced to "strip cell/isolation," that he was deprived of a mattress, sheets, and blankets for 60 days, and that in the fall and winter of 2015 he was given only "a very very light fabric material," two undershirts, and two pairs of socks, and was not provided with a mattress and bedding between 5:30 a.m. and 8:30 p.m. each day.

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (internal quotation marks and citation omitted). To establish an Eighth Amendment violation, the prisoner must demonstrate that the conditions of his confinement were "so serious as to deprive prisoners of the minimal . . . measure of life's necessities, as when it denies the prisoner some basic human need," and further, that the responsible prison officials acted with deliberate indifference to the prisoner's health or safety. *Id.* (internal quotation marks and citation omitted).

In *Novak v. Beto*, 453 F.2d 661, 665-66, 669, 671 (5th Cir. 1971), this court found no constitutional violation where the inmates in solitary confinement were given gowns and blankets, but were not provided mattresses or pillows, even during nighttime hours, for up to 15 days. Likewise, this court

has affirmed dismissals of § 1983 challenges to isolation conditions as frivolous where an inmate was denied a mattress and bedding only during daytime hours for an unspecified number of days. *See Hadwin v. Stadler*, 196 F. App'x 293, 293 (5th Cir. 2006) (unpublished); *Alex v. Stadler*, 225 F. App'x 313, 314 (5th Cir. 2007) (unpublished). Accordingly, Young has failed to show that the district court erred in dismissing his conditions of confinement claim based on his deprivation of a mattress and bedding.

Additionally, Young has failed to allege exposure to the type of extremely cold conditions that have been deemed a denial of the minimal measure of life's necessities. *See Palmer v. Johnson*, 193 F.3d 346, 353 (5th Cir. 1999) (finding such a denial in light of the inmate's "overnight outdoor confinement with no shelter, jacket, blanket, or source of heat as the temperature dropped and the wind blew along with the total lack of bathroom facilities for forty-nine inmates sharing a small bounded area"); *Alex*, 225 F. App'x at 314 (reciting prisoner's nonfrivolous Eighth Amendment allegations that "he was held in very cold conditions, for an extended period in November and December, wearing nothing but a paper gown during the daytime, and that he was ordered to remain on the cold concrete whenever he attempted to sleep on the warmer, metal bunk"). Young has failed to show that the district court erred in dismissing his conditions of confinement claim based on exposure to extreme cold.

## D.

Fourth and finally, Young asserts that his claims related to his disciplinary proceedings are not *Heck*-barred. However, Young expressly concedes in his reply brief that his due process claims relating to his disciplinary proceedings are not actionable (and he also clarifies that he was not alleging a due process claim against Dr. Gamble for certifying that he could

participate in the disciplinary hearing). Because Young does not challenge in this appeal the district court's dismissal of his due process claims against Major Crawford and Warden McCain as barred by *Heck*, Young has abandoned this issue. *See Davis v. Maggio,* 706 F.2d 568, 571 (5th Cir. 1983) (stating that "[c]laims not pressed on appeal are deemed abandoned").

The judgment of the district court is AFFIRMED. Young's motions for appointment of counsel and oral argument are DENIED.